ACCEPTED
01-15-00681-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 8:38:06 AM
CHRISTOPHER PRINE
CLERK

# CASE NO. 01-15-00681-CV
# IN THE FIRST COURT OF APPEALS
# AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/25/2015 8:38:06 AM

CHRISTOPHER A. PRINE
Clerk

## CHI TRUC  HOANG
### Appellant

## vs.

## TREVOR GILBERT AND JORJA GILBERT
### Appellees

### Appealed from the 334TH Court of Appeals
### of Harris County, Texas

## APPELLANT CHI TRUC HOANG'S BRIEF

Mynde S. Eisen
State Bar No. 06503950
Law Office of Mynde S. Eisen, P.C.
P. O. Box 630749
Houston, Texas 77263
(713) 266-2955
(281) 343-1089
wyndeeisen@sbcglobal.net

Gary Cerasuolo
State Bar No. 00789927
Smith & Cerasuolo, LLP
7500 San Felipe, Suite 410
Houston, Texas 77063
(713) 787-0003
(713) 782-6785  (fax)
gary.cerasuolo@sbcglobal.net

ATTORNEYS FOR APPELLANT
CHI TRUC HOANG

APPELLANT REQUESTS ORAL ARGUMENT

# CASE NO. 01-15-00681
# IN THE FIRST COURT OF APPEALS
# AT HOUSTON, TEXAS

## CHI TRUC  HOANG
### Appellant

### vs.

## TREVOR GILBERT AND JORJA GILBERT
### Appellees

### Appealed from the 334TH Court of Appeals
### of Harris County, Texas

### APPELLANT CHI TRUC HOANG'S BRIEF

### IDENTITY OF PARTIES & COUNSEL

Appellant:              Chi Truc Hong

Appellant's Counsel:    Mynde S. Eisen
                        State Bar No. 06503950
                        Law Office of Mynde S. Eisen
                        P.O. Box 630749
                        Houston, Texas 77263
                        (713) 266-2955
                        (281) 343-1089 (fax)
                        email: wyndeeisen@sbcglobal.net

Gary Cerasuolo
State Bar No. 00789927
Smith & Cerasuolo, LLP
7500 San Felipe, Suite 410
Houston, Texas 77063
(713) 787-0003
(713) 782-6785  (fax)
gary.cerasuolo@sbcglobal.net

Appellees:             Trevor Gilbert and Jorja Gilbert

Appellee's Counsel:    Dana LeJune
State Bar No. 12188250
6526 Washington Avenue, Suite 300
Houston, Texas 77007
(713) 942-9898
(713) 942-9899 (fax)
dlejune@triallawyers.net

# TABLE OF CONTENTS

IDENTITY OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT ON ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    I.      The District Court Erred in Granting Appellees' JNOV and Awarding Hoang Nothing in Contravention of the Jury Verdict (Issue No. 1 Restated) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

          A.     Claims Against Hoang were Subject to the Release and Hold Harmless Provision of the Acceptance Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

                  1.     Hoang is a Third Party Beneficiary to the Acceptance Agreement . . . . . . . . . . . . . . . . . . . . . 13

                  2.     Appellees Waived Any Argument that Hoang is Not Protected by the Release and Hold Harmless Provisions of the Acceptance Agreement . . . . . . . . . . . . . . . . . . . . . . . . . 14

          B.     Attorney's Fees are Damages Under General Hold Harmless Agreements . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

C.     Appellees' Argument that Hoang Cannot Recover Attorney's Fees Under Tex. Civ. Prac. & Rem. Code §38.001 is Misplaced and Not Relevant . . . . . . . . . . . . . . . . . 19

D.     The Jury Determined Reasonableness of Attorney's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

E.     The Express Negligence Doctrine Does Not Preclude Enforcement of the Hold Harmless Provision . . . . . . . . . . . . 20

     1.     The Express Negligence Doctrine Is Not Applicable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

     2.     Appellees' Waived Any Arguments that the Hold Harmless Clause Was Not Conspicuous or Did Not Provide Fair Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

II.     The Trial Court Erred by Refusing to Submit Hoang's Question on Breach of Contract Damages (Issue No. 2 Restated) . . . . . . . . . . 23

A.     Hoang Properly Submitted Her Breach of Contract Damage Question and the Court's Refusal To Submit It to the Jury was Error . . . . . . . . . . . . . . . . . . . . . . . . 25

B.     Hoang's Attorney's Fees as Damages is a Deemed Finding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

III.     The District Court Erred in Failing to Award Attorney's Fees under the Declaratory Judgment Act (Issue No. 3 Restated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

A.     Hoang was entitled to Attorney's Fees under Tex. Civ. Prac. & Rem. Code §37.009 . . . . . . . . . . . . . . . . . . . . . 30

B.     Hoang's Declaratory Judgment Action was Properly Pled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

C.     An award of Attorney's Fees to Hoang is Equitable
and Just . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

# INDEX OF AUTHORITIES

## Cases

*Adams v. First Nat'l Bank of Bells/Savoy*
      154 S.W.3d 859 (Tex. App.-Dallas 2005, no pet.) . . . . . . . . . . . . . . . . . .  31

*Approach Resources I, L.P. v. Clayton*
      360 S.W.3d 632 (Tex. App.–El Paso 2012, no writ)  . . . . . . . . . . . . . . . . .34

*AVCO Corp., Textron Lycoming Reciprocating Engine Div.of*
*AVCO Corp. v. Interstate Southwest, Ltd.*
      251 S.W.3d 632 (Tex. App.–Houston [14 Dist.] 2007, writ denied)  . .  37-38

*Bocquet v. Herring*
      972 S.W.2d 19 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31, 34

*Cap Rock Elec. Co-op., Inc. v. Texas Utilities Elec. Co.*
      874 S.W.2d 92 (Tex. App. – El Paso 1994, no pet.) . . . . . . . . . . . . . . . . . 34

*Chubb Lloyds Ins. Co. of Texas v. Andrew's Restoration, Inc.*
      323 S.W.3d 564 (Tex. App.–Dallas,2010) *aff'd in part,*
      *rev'd in part* 364 S.W.3d 817 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . 26

*Crimson Exploration, Inc., v. Intermarket Management, LLC.*
      341 S.W.3d 432, (Tex. Civ. App.–Houston [1st Dist]
      2010, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15, 18, 19

*Cruz v Andrews Restoration, Inc.*
      364 S.W.3d 817 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Dallas Mkt Ctr. Dev. Co. v Liedeker*
      958 S.W. 2d 382 (Tex. 1987) *overruled on other grounds*
      46 S.W.3d 829 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

*DiGiuseppe v Lawler*
      269 S.W.3d 588 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*District Judges of Collin County v. Commissioners Court of Collin County*
       677 S.W.2d 743 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) . . . . . . . . . . . 33

*Dresser Industries, Inc. v. Page Petroleum, Inc.*
       853 S.W.2d 505 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22, 23

*Ellis v. Woods*
       453 S.W.2d 509 (Tex. Civ. App.—El Paso 1970, no writ) . . . . . . . . . . . . . 22

*Ethyl Corp. v. Daniel Constr. Co.*
       725 S.W.2d 705 (Tex.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Flagship Hotel, Ltd. v. City of Galveston*
       117 S.W.3d 552 (Tex. Civ. App-Texarkana 2003,  writ denied) . . . . . . . 31

*Fort Bend Cty. Drainage Dist. v. Sbrusch*
       818 S.W.2d 392 (Tex. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Frost v. Sun Oil Co. (Delaware)*
       560 S.W.2d 467 (Tex. Civ. App.—Houston [1st Dist.]
       1977, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Garcia v. Sky Climber, Inc.*
       470 S.W.2d 261(Tex. Civ. App.–Houston [1st Dist]
       1971, writ ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16, 17, 18

*Gulf States Utilities Co. v. Low* 28
       79 S.W.3d 561 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 29

*Hartman v. Sirgo Operating, Inc.*
       863 S.W.2d 764 (Tex.App.-El Paso 1993, writ denied) . . . . . . . . . . . . . . 32

*Housing Authority of the City of Harlingen v. Valdez*
       841 S.W.2d 860 (Tex.App.—Corpus Christi 1992, writ denied) . . . . . . . . 33

*James v. Hitchcock Indep. School Dist.*
       742 S.W.2d 701 (Tex. App.—Houston [1st Dist.] 1987, writ denied) . 32-33

*In the Interest of JFC, ABC, & MBC*
     96 S.W.3d 256 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Johnson v. Johnson*
     869 S.W.2d 490 (Tex.App.-Eastland 1993, writ denied) . . . . . . . . . . . . . 27

*Keystone Equity Management v Thoen*
     30 S.W.2d 339 (Tex. App-Dallas, 1987, no writ) . . . . . . . . . . . . . . . . . . . 16

*Little Rock Furniture Mfg. Co. v. Dunn*
     148 Tex. 197, 222 S.W.2d 985 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Mancorp., Inc., v. Culpepper*
     802 S.W.2d 226 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mem'l Med Ctr. of E. Tex v Keszler*
     943 S.W.2d 433 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Monical & Powell, Inc. v.  Bechtel Corporation*
     404 S.W.2d 911 (Tex. Civ. App-Eastland 1966,
     writ ref'd n.r.e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*Ohio Oil Company v Smith*
     365 S.W.2d 621 (Tex. 1963) . . . . . . . . . . . . . . . . . . . . . 10, 16, 17, 18, 21

*Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*
     821 S.W.2d 283 (Tex. App.—Houston [1st Dist.] 1991,writ denied) . . . . 34

*Patch v. Amoco Oil Co.*
     845 F.2d 571 (5th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Purvis Oil Corp. v. Hillin*
     890 S.W.2d 931 (Tex. App.–El Paso 1994, no pet.) . . . . . . . . . . . . . . . . . 34

*Ridge Oil Company, Inc. v Guinn Investments, Inc.*
     148 S.W.3d. 143 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31, 34

*Salinas v. Rafati*

948 S.W.2d 286 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Schlumberger Technology Corp. v. Swanson*
959 S.W.2d 171 (Tex.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Shearson Lehman Hutton, Inc. v. Tucker*
806 S.W.2d 914 (Tex.App.-Corpus Christi 1991, writ dism'd w.o.j.) . . . . 29

*Spencer v. Eagle Star Ins.,* Co.
876 S.W.2d 154 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stark v. Benckenstein*
156 S.W.3d 112 (Tex. App.–Beaumont 2004, pet. denied) . . . . . . . . . . . 32

*State Farm Life Ins. Co., v. Beaston*
907 S.W.2d 430 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Tamez v Southwestern Motor Transport, Inc.*
155 S.W.3d 564 (Tex. App-San Antonio 2004, no pet.) . . . . . . . . . . . . . 14

*T. J. Kline, Inc. v DAG Management, Inc.*
1995 WL500298 (Tex. App.-Dallas 1995, no writ) . . . . . . . . . . . . . . . . 16

*Tri v J.T.T.,*
162 S.W.2d 552 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Torrington Co. v Stutzman*,
46 S.W.3d 829 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Vera v. North Star Dodge Sales, Inc.*
989 S.W.2d 13 (Tex. App.–San Antonio1998, no pet.) . . . . . . . . . . . . . . 23

*Washington v. Reliable Life Ins. Co.*
581 S.W.2d 153 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wilson v. Remmel Cattle Co.*
      542 S.W.2d 938 (Tex. App.-Amarillo 1976, writ ref'd n.r.e.) . . . . . . . . . . 29

*Womble v. Atkins*
      160 Tex. 363,  331 S.W.2d 294 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**Statutes**

Tex. Civ. Prac. & Rem. Code § 37.001 *et seq* . . . . . . . . . . . . . . . . . . . . . . . 1,9, 31

Tex. Civ. Prac. & Rem. Code § 37.004(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Tex. Civ. Prac. & Rem. Code §37.009 . . . . . . . . . . . . . . . . . . . . . vi, 11, 30, 33, 38

Tex. Civ. Prac. & Rem. Code §38.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 15, 19

Rules

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Tex. R. App. P. 39.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. Civ. P. 276 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Tex. R. Civ. P. 279 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15, 28

Tex. R. Civ. P. 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## STATEMENT OF THE CASE

The appeal in this case involves the narrow issue of whether the District Court erred by granting Appellees Trevor Gilbert's and Jorja Gilbert's (collectively "Appellees" or "Gilbert") Motion for Judgment Non Obstante Verdicto (the "JNOV") after the jury awarded Appellant Chi Truc Hoang ("Hoang" or "Appellant") $230,000 damages in the form of attorney's fees for breach of a hold harmless agreement. The jury returned its verdict finding (1) that Hoang was not liable to Appellees for any of the Appellees' claims against Hoang and (2) that Appellees breached the hold harmless agreement. The jury then awarded Hoang $230,000 for her attorney's fees which she incurred as damages under the hold harmless agreement. Appellees then filed their JNOV. Appellees' argument in the JNOV centered solely on the issue that no separate jury issue was submitted for damages and attorney's fees were not recoverable as damages. Hoang filed her response opposing the JNOV since Appellees were not entitled to judgment as a matter of law because attorney's fees are damages under hold harmless indemnity agreements. Alternatively, Hoang argued that since the jury found a breach of the hold harmless agreement and found reasonable attorney's fees, she was entitled to attorney's fees under her claims pursuant to Tex. Civ. Prac. & Rem. Code §37.001 *et seq* (the "Texas Declaratory

-1-

Judgment Act").  The Trial Court granted the JNOV and entered a take nothing

judgment in favor of Appellees.  It is from this judgement that Hoang appeals.

## STATEMENT OF ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

a. Oral argument would give the Court a more complete understanding of the facts presented in this appeal. Tex. R. App. P. 39.1(c).

b. Oral argument would allow the Court to better analyze the complicated legal issues presented in this appeal. Tex. R. App. P. 39.1(c).

c. Oral argument would significantly aid the Court in deciding this case.

# ISSUES PRESENTED FOR REVIEW

## ISSUE NO. 1

THE DISTRICT COURT ERRED IN GRANTING APPELLEES' JNOV AND AWARDING HOANG NOTHING IN CONTRAVENTION OF THE JURY VERDICT

## ISSUE NO. 2

THE DISTRICT COURT ERRED IN REFUSING TO SUBMIT HOANG'S QUESTION ON DAMAGES TO THE JURY

## ISSUE NO. 3

THE DISTRICT COURT ERRED IN FAILING TO AWARD ATTORNEY'S FEES UNDER THE DECLARATORY JUDGMENT ACT

# STATEMENT OF FACTS

Appellees brought suit against Hoang. Anh Van Dang and Hong Bich Chau (collectively "Chau" or "Seller") for violations of the Deceptive Trade Practices Act, fraud, statutory fraud and civil conspiracy to commit fraud arising out of the purchase of a piece of property in Harris County, Texas (the "Property"). CR 105-107. Chau was the seller of the Property and Hoang was the real estate agent for the Seller. CR 23-31, RR 35-37.

Appellees' claims against Hoang centered solely on the argument that Hoang failed to disclose and/or misrepresented material information about the condition of the Property which Appellees claim Hoang had gained from her knowledge as the real estate agent for the Seller. CR 105-107. Hoang brought counterclaims for (1) breach of a hold harmless agreement that was signed by Appellees at closing which was part of the Acceptance of Title and Closing Agreements ("Acceptance Agreement") and (2) for a declaratory judgment seeking to establish that the hold harmless provision in the Acceptance Agreement released Hoang from any liability. CR 156-165.

Appellees do not dispute signing the Acceptance Agreement. The Acceptance Agreement clearly stated that Appellees "acknowledge that neither the Real Estate Agent(s) or Broker(s) . . . have made any warranties or representations as to the condition of the above referenced property . . . and accordingly the undersigned

Purchasers **release and hold them harmless from any and all liability in regard to the same."** SCR at 266.

Since the breach of the hold harmless agreement was the act of Appellees suing Hoang, the only damages that Hoang could claim in her counterclaims were the her costs to defend herself against the actions of the Appellants who had agreed to hold her harmless under the Acceptance Agreement. These damages constituted her attorney's fees. CSR at 266. RR 41-42, RR11.

The case was tried to a jury in November 2014. At the jury charge conference, Hoang requested and submitted a standard form breach of contract question, a standard form breach of contract damages question, and a standard form reasonable and necessary attorney's fees question, all from the Texas Pattern Jury Charge. Due to the fact that Appellees had sued Hoang for fraud, Hoang's questions were conditioned upon the jury's finding that Hoang was not liable to Appellees on any of their causes of action against her. Because Hoang's breach of contract question was conditioned on findings of no liability by Hoang, the only damages arising from the hold harmless obligation were attorney's fees.

The Trial Court submitted the conditioned breach of contract question and the reasonable and necessary attorney's fees question to the jury, but refused to submit the breach of contract damages question. The Trial Court refused the submission of the

breach of contract damage question because the only damages, if any, arising from the hold harmless obligation were Hoang's cost of defense, i.e. her attorney's fees. Therefore, the Trial Court concluded that a question on the amount of reasonable and necessary attorney's fees was sufficient to establish Hoang's damages. CR 306-339; RR Vol.3 at 5, Vol. 4 at 15:16.  Hoang's counsel objected on the record to the Trial Court's refusal to submit the contract damages question.  RR Vol. 3 at 53.  The Trial Court overruled the objection for the reason that the attorney's fee question submitted would cover the damages for the breach of contract cause of action damages.  CR 406; RR Vol3 at 53; RR Vol. 4 at 15-16. The Trial Court property submitted the question as to whether the Appellees breached the Acceptance Agreement with respect to Hoang.  CR 421-22.

The case was submitted to the jury on November 20, 2014 without the breach of contract damages question for Hoang.  The jury found:

a. Hoang did not engage in any false, misleading or deceptive act or practice that Appellees relied upon to their detriment and that was a producing cause of damage to them; and

b. Hoang did not engage in any unconscionable action or course of action that was a producing cause to Appellees; and

c. Hoang did not commit fraud against Appellees; and

d. Hoang did not commit statutory fraud against Appellees and

e. Hoang was not part of a conspiracy to commit fraud;

-7-

        f.     Appellees breached the agreement to release and hold Hoang harmless.

CR 409-413, 418, 421.   However, the jury did find that the Seller had committed fraud and awarded Appellees in excess of 1.2 million in damages against the Seller. CR 409-413, 415-417, 420

Based on finding that Hoang had not committed any wrongdoing, the jury then answered the questions approved by the Court with respect to Hoang's counterclaims against the Appellees.  The Jury found that Appellees failed to comply with the release and hold harmless agreement. CR 421.  The jury also found that a reasonable fee necessary for the services of Hoang's attorney was $230,000.00. CR 422.

On November 25, 2014, Appellants filed their JNOV seeking to overrule the findings of the jury and proposing to award Hoang nothing.  CR 436-444.  Hoang filed her response on December 11, 2014. CR 484-499.  Appellees' argument in the JNOV centered solely on the issue that no separate jury issue was submitted for damages and attorney's fees were not recoverable as damages. Hoang filed her response opposing the JNOV since Appellees were not entitled to judgment as a matter of law because attorney's fees are damages under a hold harmless agreement. Alternatively, Appellees argued that because the jury found a breach of the hold harmless agreement and found reasonable attorney's fees, she was entitled to attorney's fees under her claims pursuant to Tex. Civ. Prac. & Rem. Code §37.001 *et*

*seq* (the "Texas Declaratory Judgment Act"). On May 11, 2015, this Court entered a judgment overruling the Jury's findings and entering a Judgment awarding a take nothing in favor of Appellants against Hoang.  CR 501; CR 507-08.

Hoang filed her Motion for New Trial on June 9, 2011 which was overruled by operation of law.  Hoang filed her Notice of appeal.  CR 509-510.

**SUMMARY OF ARGUMENT**

The Trial Court improperly granted Appellees' JNOV because Appellees were not entitled to recover as a matter of law because Hoang's attorney's fees which the jury found constituted damages. Under hold harmless agreements, a party can recover her costs of defending the lawsuit as damages. *See Crimson Exploration v. Intermarket Management, LLC*, 341 S.W.3d 432 (Tex. Civ. App.-Houston [1st Dist.] 2010, no pet.). Attorney's fees and expenses are recoverable under general "hold harmless" indemnity agreements even though they do not expressly provide for legal fees and expenses. *See Ohio Oil Co. v. Smith*, 365 S.W.2d 621, 623 (Tex. 1963); *Garcia v. Sky Climber, Inc.*, 470 S.W.2d 261, 269-70 (Tex. Civ. App.-Houston [1st Dist.], writ ref'd). Since the only damages incurred by Hoang could be her attorney's fees, the submission of the attorney's fee questions and the jury's finding was proper. Therefore, Hoang was entitled to the judgment against Appellees for the $230,000 as found by the jury.

Alternatively, if the Court finds that a separate damages was necessary, the Court erred in not submitting the question to the jury over Hoang's objection. The Trial Court found the separate damages question to be duplicative and refused to submit it to the jury. Since Hoang did submit a jury question on contract damages and the Court refused the submission, the issue that attorney's fees are damages is a "deemed finding" and the Court can enter a finding as such. See Tex. R. Civ. P. 279.

The Trial Court also abused its discretion by not granting Hoang her attorney's fees under Tex. Civ. Prac. & Rem. Code §37.009. Hoang properly pled her cause of action under Tex. Civ. Prac. & Rem. Code §37.009. The jury found the reasonable and necessary attorney's fees incurred by Hoang were $230,000. The fees were equitable and just in light of the circumstances of this case. Appellees, through counsel in closing argument, admitted that they had brought suit in this case against at least two other parties, whom they did not believed did anything wrong, but had insurance or were a source of funds for the lawsuit. Hoang was sued for exactly the same reason. Appellee's and Appellees' counsel's conduct of suing innocent people just to fund their lawsuit justifies the award of attorney's fees under the equitable and just standard. Further, Appellees' signing of a hold harmless agreement and then initiating suit against the very party that they agreed to hold harmless justifies attorney's fees under the equitable and just standard. Furthermore, Appellees were awarded in excess of $1,2 million in damages , including treble damages for which they now own a judgment against the Seller for that amount. The award of attorneys' fees as damages against Appellees will not impose the same type of financial burden on Appellees as in the typical case of a since losing plaintiff and a single prevailing defendant. Under these circumstances, the award of attorneys fees to Hoang under Tex. Civ. Prac. & Rem. Code §39.001 is just and equitable and the Court erred in not doing so.

I.  **THE DISTRICT COURT ERRED IN GRANTING APPELLEES' JNOV AND AWARDING HOANG NOTHING IN CONTRAVENTION OF THE JURY VERDICT** (Issue No. 1 Restated)

A motion for judgment notwithstanding the verdict should not be granted by a court unless a directed verdict would have been proper.  Tex. R. Civ. P. 301.  *See Fort Bend Cty Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 394 (Tex. 1991).  A motion for judgment notwithstanding the verdict cannot be granted unless the evidence is conclusive, and one party is entitled to recovery as a matter of law.  *Mancorp., Inc. v. Culpepper*, 802 S.W.2d 226, 227-28 (Tex. 1990).  Appellees were not entitled to judgment as a matter of law in contravention of the damages awarded by the jury.  Furthermore, a jury's answers to a question should only be disregarded if (1) the jury question was improperly submitted, (2) even though properly submitted the jury question was rendered immaterial by other findings, or (3) the findings cannot change the effect of the verdict.  *See Salinas v Rafati*, 948 S.W.2d 286, 288 (Tex. 1997); *Spencer v. Eagle Star Ins., Co.*, 876 S.W.2d 154, 157 (Tex. 1994).

As shown below, Appellees cannot show that the question upon whch the jury found in favor of Hoang was improperly submitted.  The primary argument raised by Appellees in their JNOV was the assertion that there was not a separate question of actual damages, apart from the findings on attorney's fees submitted to the jury and

that attorney's fees are not recoverable as damages. Appellees never raised this objection at the charge conference, nor did they challenge the attorney's fees question as submitted. Even if they had raised this objection, as shown below, the question on damages was properly submitted. Alternatively, to the extent the question on damages was not properly submitted, this Court can either award damages based on the deemed findings or remand the case to the Trial Court solely to make a determination regarding the proper damages to be awarded as a result of Appellees' breach of the hold harmless provision.

A. **Claims Against Hoang were Subject to the Release and Hold Harmless Provision of the Acceptance Agreement.**

1. **Hoang is a Third Party Beneficiary to the Acceptance Agreement**

The Acceptance Agreement, which was agreed to and signed by Appellees at closing stated that Appellees "acknowledge that neither the Real Estate Agent(s) or Broker(s) . . . have made any warranties or representations as to the condition of the above referenced property, or as to the requirements of the parties under their contract of sale, and accordingly the undersigned Purchasers release and hold harmless from any and all liability in regard to the same". SCR at 266.

Under Texas law, releases are effective against named parties to the release or **parties described with such particularity that their identity is not in doubt**. *Mem'l Med Ctr. of E. Tex v. Keszler*, 943 S.W.2d 433, 434 (Tex. 1997)(Emphasis

-13-

added.)   In this case, it is undisputed that Hoang was the real estate agent for the Chau, the Seller and that Appellees were aware at all times that Hoang was the real estate agent for Chau.  Indeed, Appellees claims in this lawsuit relate to alleged failure to disclose and/or misrepresentations to Appellees by Hoang and the Seller.  Because Hoang's identity was never in doubt, Hoang was protected by the release and hold harmless agreement in the Acceptance Agreement.

Furthermore, a release agreement, valid on its face is a complete bar to any action based on matters covered by the release, unless the release is set aside.  *Tamez v. Southwestern Motor Transport, Inc.,* 155 S.W.3d 564, 569-71 (Tex. App-San Antonio 2004, no pet.)   Hoang is a third party beneficiary who suffered actual damages in having to defend against a suit in which Appellees had clearly agreed to release and hold Hoang harmless.

2.  **Appellees Waived Any Argument that Hoang is Not Protected by the Release and Hold Harmless Provisions of the Acceptance Agreement**

Finally, any argument by the Appellees that Hoang was not protected by the release and hold harmless provisions of the Acceptance Agreement were waived by Appellees.  Appellees neither submitted, nor requested the subnmission of any questions on whether an agreement existed between them and Hoang with respect to the release and hold harmless obligations.  Failure to submit a jury issue waives the argument. Tex. R. Civ. P. 279; *Washington v. Reliable Life Ins. Co.*, 581 S.W.2d 153,

156-157 (Tex. 1979). By their failure to submit any issue, Appellees have waived this argument.

B. **Attorney's Fees are Damages Under General Hold Harmless Agreements**

Appellees argued that Hoang cannot recover attorney's fees as damages and that attorney's fees are not damages under Tex. Civ. Prac. & Rem. Code §38.001. Hoang disagrees that the attorney's fees cannot be recovered as damages in circumstances that exist in the present case. Furthermore, Hoang was not seeking her attorney's fees under under Tex. Civ. Prac. & Rem. Code §38.001, but rather Hoang was seeking her attorney's fees as damages for breach of a hold harmless agreement. Under the hold harmless agreement and circumstances in the present case, the only damages Hoang could have sustained was her cost of defending the lawsuit, i.e. her attorney's fees which are recoverable as damages under Texas law. Therefore, Texas courts have held that attorney's fees are awarded as damages under "hold harmless" indemnity provisions and are not awarded under §38.001. See *Crimson Exploration, Inc.* 341 S.W.3d at 446.

Under Texas law, an indemnitee may recover the expenses of litigating an indemnified claim. *Monical & Powell, Inc. v. Bechtel Corporation*, 404 S.W.2d 911, 914 (Tex. Civ. App-Eastland, 1966, writ ref'd n.r.e); *T.J. Kline, Inc. v. DAG Management, Inc.* 1995 WL500298 at 3 (Tex. App.-Dallas 1995, no writ); *Keystone*

*Equity Management v Thoen*, 30 S.W.2d 339, 340 (Tex. App-Dallas, 1987, no writ).

Attorney's fees and court costs are recoverable under general "hold harmless" indemnity agreements even though they do not expressly provide indemnity for legal fees or expenses. *Ohio Oil Co.,* 365 S.W.2d at 623; *Garcia,* 470S.W.2d 261, 269-70 (Tex. Civ. App-Houston [1ˢᵗ Dist] 1971, writ ref'd). Otherwise an indemnitee would not be fully protected. *Monical & Powell, Inc.* 404 S.W.2d at 914; *T.J. Kline*, 1995 WL500298 at 3.

In *Ohio Oil,* the Texas Supreme Court reviewed the following two indemnity provisions:

"15. OHIO INDEMNIFIED:

Ohio shall not be liable or responsible for and Contractor shall save and hold harmless Ohio from and against any and all claims and damages of every kind, for injury to or death of any person or persons and for all damage to loss of property, arising out of or attributed, directly or indirectly, to the operations of Contractor hereunder. Contractor shall likewise indemnify Ohio for any or all injury or damage to property belonging to Ohio for any or all injury or damage to property belonging to Ohio, arising out of or in connection with or resulting from any and all acts or omissions of Contractor hereunder.

17. STATUTES TO BE COMPLIED WITH:

(a) Contractor agrees to comply with the Workmen's Compensation Act of the State of New Mexico and to pay or cause to be paid all compensation, medical or hospital bills which may become due or payable thereunder, and to protect and indemnify Ohio from and against any and all liability by reason of injury of employees of Contractor. Contractor shall furnish Ohio with a certificate from the

-16-

State Agency charged with the administration of the Workmen's Compensation Act evidencing Contractor's compliance therewith.

*Ohio Oil Co.*, 365 S.W.2d at 623. The Supreme Court affirmed the trial court's decision that the indemnitor was liable for both damages and legal fees and expenses under these indemnity provisions. *Ohio Oil Co.*, 365 S.W.2d at 623-24. The Court held that when the indemnitor has agreed to save and hold harmless the indemnitee from liability for any and all claims and damages, the indemnitee is entitled to recover from the indemnitor all reasonable expenses incurred in defending the claim asserted against him. *Ohio Oil Co.*, 365 S.W.2d at 627-28.

Similarly in *Garcia*, the Court examined the following indemnity provisions.'

3. The lessee [Texas Concrete Silo] . . . agrees. . . to pay all claims and damages arising from defects in the machinery and equipment . . .

5. . . . lessee agrees to hold . . . [Sky Climber] . . . harmless from any claim of whatsoever kind or nature. . . This hold harmless agreement shall encompass any claims arising from either or both personal injury and property damage . . .

*Garcia*, 470 S.W.2d at 269. The *Garcia* court held that these general provisions including indemnity for legal fees and expenses incurred by the indemnitee. *See also Monical & Powell*, 404 S.W.2d at 914 (court held that indemnitee may recover against the indemnitor for all reasonable expenses in settling the claim against indemnitee).

In the present case, under the Acceptance Agreement, Appellees agreed to hold harmless Hoang from any liability in regard to claims arising from any alleged

-17-

warranties or representations as to the condition of the subject property. SCR 226.

The claims asserted against Hoang by the Appellees specifically related to purported

warranties and representations by Hoang regarding the condition of the subject

property. CR at 105-107. Therefore, Hoang is entitled to recover her costs and

expenses associated with defending the lawsuit under the hold harmless agreement

which the jury found that Appellees breached. *See Ohio Oil Co.,* 365 S.W. 2d at 627-

78; *Garcia* 470 S.W.2d at 261; *See also Patch v. Amoco Oil Co.*, 845 F.2d 571, 573

(5th Cir.1988) (indemnitee would not be held "harmless" where it was not found

negligent by jury unless entitled to recover costs of litigation); *Monical & Powell,* 404

S.W.2d at 914; *Crimson Exploration Inc.* 341 S.W.2d at 446. (parties are not

precluded from recovering their defense expenses.

C. **Appellees' Argument that Hoang Cannot Recover Attorney's Fees Under Tex. Civ. Prac. & Rem. Code §38.001 is Misplaced and Not Relevant**

Appellees contend that Hoang cannot recover attorney's fees as damages under Tex. Civ. Prac. & Rem. Code §38.001. Despite Appellees' contention, Hoang was not seeking the attorney's fees under Tex. Civ. Prac. & Rem. Code §38.001. Hoang was seeking her damages under the hold harmless agreement.

Attorney's fees consitute damages under hold harmless agreements. They are not awarded under Tex. Civ. Prac. & Rem. Code §38.001. *Crimson Exploration*, 341 S.W.3d at 446. An indemnitee is not required to prove monetary damages beyond attorney's fees in order to recover its actual attorney's fees.

Therefore, Appellees' contention that Hoang is not entitled to recover her attorney'ss fees under Tex. Civ. Prac. & Rem. Code §38.001 is inapplicable and not relevant.

D. **The Jury Determined Reasonableness of Attorney's Fees**

Once the jury found that Appellees breached the Acceptance Agreement, Hoang became entitled to recover her attorney's fees. *Crimson Exploration*, 341 S.W.3d at 444 (citing *Patch v Amoco Oil Co.*, 845 F.2d 571, 573 (5th Cir. 1988)). Because attorney's fees are within the control of the party seeking indemnification, they are subject to the reasonablenss test. *Id.*

In this case, reasonableness was submitted to the jury and the jury found that Hoang's reasonable attorney's fees were $230,000. CR 421-422. Therefore, Hoang is entitled to recover $230,000 from Appellees.

E. **The Express Negligence Doctrine Does Not Preclude Enforcement of the Hold Harmless Provision**

1. **The Express Negligence Doctrine Is Not Applicable**

Appellees raised the argument that the hold harmless agreement was not conspicuous, did not provide fair notice and could not be used to limit Hoang's liability for her own negligence. Not only did Appellees waive this defense, but the express negligence doctrine is not applicable.

If, an indemnity agreement or hold harmless agreement seeks to limit a party's liability for its own negligence, the party attempting to limit its liability must give fair notice and the clause should be conspicuousness. *See Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 507–09 (Tex.1993). Under the express negligence doctrine, a party who wishes to contractually shift risk from itself for the consequences of its future negligence must specifically express that intent within the four corners of an agreement. *See Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 707–08 (Tex.1987); *Dresser Industries, Inc.,* 853 S.W.2d at 508. Stated generally, the express negligence doctrine provides that contracts will not be construed so as to

indemnify a person against his own negligence unless such intention is expressed in specific terms. *Ohio Oil Co.*, 365 S.W.2d at 624.

Fair notice requirements to indemnity agreements and releases only apply when such exculpatory agreements are utilized to relieve a party of liability for its own negligence in advance. *Dresser Industries, Inc.,* 853 S.W.2d at 508. In the present case, Hoang was not attempting to shift liability for her own negligence. She is not seeking indemnity for the consequences of her own negligence. No claims of negligence were brought against Hoang by Appellees or any third parties. No third parties are seeking any claims against the Appellees that are attributable to the conduct of Hoang, nor is Hoang seeking to be indemnified for any such claims by any third parties. Further, Hoang is a third party beneficiary to the Acceptance Agreement. There was no attempt to shift liability and there is no indemnification for "the consequences" of a party's own negligence.

Hoang is seeking recovery due to the conduct of the Appellees who signed the hold harmless agreement agreeing to indemnify Hoang. Hoang is not utilizing the hold harmless language to relieve herself from liability for her own negligence, instead she is utilizing the agreement/release to impose liability upon the Appellees for their own conduct and breach by their refusal to honor the hold harmless agreement.

## 2. Appellees' Waived Any Arguments that the Hold Harmless Clause Was Not Conspicuous or Did Not Provide Fair Notice.

Further, Appellees have waived any argument that the hold harmless clause was not conspicuous or did not provide fair notice because they never pled this defense nor presented any evidence.

When a release is interposed and established as a bar against the plaintiff's action, the plaintiff must plead and obtain findings on any fact issues that will avoid or invalidate the release. *Dresser Industries, Inc.* 821 S.W.2d 359, 364-365; *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 296 (1960); *Ellis v. Woods*, 453 S.W.2d 509, 510 (Tex. Civ. App.—El Paso 1970, no writ).

In *Dresser,* the Defendant pled and established the release as an affirmative defense and obtained a finding that the plaintiff's representative had the authority to bind plaintiff to the agreement. Consequently, plaintiff had the burden of obtaining any finding that would avoid the effect of the release. Since plaintiff did not obtain a finding that the provision was not conspicuous enough to give fair notice, the plaintiff waived any defenses that it may have had to the release's enforcement. *Dresser Industries, Inc*, 281 S.W.2d at 364-365.

In the present case Hoang obtained a finding that the Appellees breached the release. CR 421-22. Appellees did not obtain any finding that the release was not conspicuous to give fair notice. Further, Appellees did not raise objections with the

Court to challenge the conspicuousness of the release language or with respect to any other provision of the agreement. RR Vol. 3 at 48-55. Having made no argument regarding conspicuousness at trial, Appellees' arguments as to conspicuous are waived. *See Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 13, 15-17 (Tex.App.–San Antonio,1998, no pet.). *See also* Tex. R. App. P. 33.1(a).

II.  **THE TRIAL COURT ERRED BY REFUSING TO SUBMIT HOANG'S QUESTION ON BREACH OF CONTRACT DAMAGES** (Issue No. 2 Restated)

In the case at hand, Appellees agreed to release and hold Hoang harmless from any and all claims pertaining to the condition of the Property. A "release," or "hold harmless agreement," is a contractual agreement whereby one party assumes liability inherent in a situation thereby relieving the other party of responsibility. *Dresser Industries, Inc.,* 853 S.W.2d at 508 (Tex. 1993). Appellees do not dispute signing the Acceptance Agreement.

Despite Appellees' agreement to release and hold Hoang harmless and despite accepting responsibility for any liability pertaining to the condition of the property, Appellees nevertheless filed suit against Hoang seeking to impose the liability on Hoang for the condition of the property. This was a clear breach of the terms and conditions of the Acceptance Agreement by the Appellees. As a direct result of

Appellees bringing suit against Hoang, Hoang incurred damages in the form of defense costs in having to defend against Appellees' claims. RR Vol. 3 at 9-11.

Hoang properly brought and was allowed to bring a claim for breach of contract by the Appellees for violating the terms and conditions of the Acceptance Agreement. CR 156-165. Hoang provided evidence at trial on the fees incurred in having to defend against the suit as a result of Appellees' violation and breach and was cross examined on the fees incurred. At the charge conference, Hoang submitted jury questions on whether the Appellees violated the Acceptance Agreement and what sum of damages would Hoang be owed as a result of their breach. CR 306-339. The Court inquired as to the whether the defense costs incurred by Hoang were the actual damages she was seeking and Hoang concurred that her damages were her costs of defense. Vol 3 at 53, Vol. 4 at 15-16. The Trial Court found the separate breach of contract damage question to be duplicative of the attorney's fees question which was included in the proposed charge. Therefore, the Trial Court concluded that the attorney's fees question would provide for defenses costs as damages. RR Vol.. 3 at 53, Vol 4 at 15-16. However, by accepting Appellees' JNOV arguments and refusing to award Hoang damages in accordance with the Jury's findings, the Trial Court is now implying that the attorney's fees question was not sufficient, and that there should have been a separate breach of contract damage question. Therefore, the Trial

Court erred in improperly removing and refusing to submit the actual breach of contract damage question submitted by Hoang in her proposed charge and by failing to include said question in the final jury charge despite Hoang's requests to do so.

A.    **Hoang Properly Submitted Her Breach of Contract Damage Question and the Court's Refusal To Submit It to the Jury was Error**

A party is entitled to attorney's fees if it prevails on a cause of action for which attorney's fees are recoverable. *State Farm Life Ins. Co., v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995). Hoang properly submitted a breach of contract claim for which attorney's fees were recoverable. Hoang properly submitted a breach of contract damage question and an attorney's fees question as part of her breach of contract claim. The Court erred in failing to include the damages question, despite including the attorney's fees question which awarded the same damages being sought by Hoang for her actual damages.

It is undisputed that the jury made a finding that the Appellees violated the Acceptance Agreement thereby entitling Hoang to damages and attorney's fees. Appellees' counsel cross examined Hoang and her attorney with respect to the defense costs incurred and the jury properly awarded a value based on the evidence presented. RR Vol. 13 at 9-11. The court erred in failing to include the breach of contract damage question and has committed further error by failing to accept the findings by the jury.

-25-

Appellees raised the argument that the award of attorney's fees to Hoang was improper because there was no separate findings of actual damages other than attorney's fees awarded to Hoang. However, Hoang did submit a jury question on breach of contract damages and the Court refused the submission, stating since the only damages that Hoang incurred were the costs of defense, i.e. her attorney's fees; therefore, a separate breach of contract damage question was not necessary. RR Vol. 3 at 53, Vol. 4 at 15-16. If such refusal, as shown below, is not a deemed finding, it would be reversible error. By requesting the question and the Court refusing it on the record, Hoang preserved the error. See *Dallas Mkt Ctr. Dev. Co. v Liedeker,* 958 S.W. 2d 382, 386-387 (Tex. 1987) *overruled on other grounds Torrington Co. v Stutzman*, 46 S.W.3d 829 (Tex. 2000). (Error can be preserved by court stating on the record that the jury question is refused).

When a trial court omits a jury question, the party who relies on that question must tender that question in writing in substantially correct form and obtain a ruling in order to preserve error. *Chubb Lloyds Ins. Co. of Texas v. Andrew's Restoration, Inc.*, 323 S.W.3d 564, 584 (Tex. App.–Dallas, 2010) *aff'd in part, rev'd in part Cruz v Andrews Restoration, Inc.* 364 S.W.3d 817 (Tex. 2012). *See* Tex. R. Civ. P. 276 *See also Johnson v. Johnson*, 869 S.W.2d 490, 492 (Tex. App.-Eastland 1993, writ denied).

An oral ruling by a court on a written request will suffice "when the court's refusal is otherwise clear from the record." *Liedeker*, 958 S.W.2d at 387. In *Liedeker*, the record reflected that the appellant submitted written requests to the trial judge, the judge said he would sign them later, and through inadvertence the judge never signed them. The Supreme court held that the trial court's "statements on the record clearly preserved [appellant]'s complaint." *Liedeker,* 58 S.W.2d at 387.

Similarly, in the present case, Hoang court specifically asked for her actual breach of contract damage question. CR 318-319, 330-331 The Court refused the submission stating that since the only damages that Hoang was seeking was her attorney's fees, such question was not necessary. RR Vol. 3 at 53, Vol. 4 at 15-16. The Court did not submit the question, and inadvertently forgot to sign the question presented to it by Hoang's counsel. Therefore, Hoang's question on damages was preserved.

**B.**    **Hoang's Attorney's Fees as Damages is a Deemed Finding**

Since Hoang did submit a separate question as to breach of contract damages to the Trial Court, and the Trial Court refused the submission of such question, and Appellees never objected to the submission of the attorney's fees and the breach of contract/release questions, the issue that attorney's fees are damages is a "deemed finding. This Court can enter a finding as such.

-27-

Tex. R. Civ. P. 279 provides that when a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at any time before the judgment is rendered, can make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. Tex. R. Civ. P. 279.

It is undisputed that the jury awarded Hoang her reasonable and necessary attorneys's fees in the sum of $230,000.00. CR 422. The Trial Court could have made a written finding that such attorney's fees constituted Hoang's damages. Even if no such written findings are made, such omitted element or elements shall be deemed found by the Trial Court in such manner as to support the judgment. *See Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 564-66 (Tex. 2002).

In *Low*, the Texas Supreme Court held that "when an incomplete theory is submitted without complaint, the parties are deemed to have waived a jury trial on the omitted issue and to have agreed to submit the issue to the trial court. *Low,* 79 S.W.3d

at 564. *See, e.g., Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 925 (Tex.App.-Corpus Christi 1991, writ dism'd w.o.j.); *Wilson v. Remmel Cattle Co.*, 542 S.W.2d 938, 942 (Tex.App.-Amarillo 1976, writ ref'd n.r.e.); see also *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949)(holding that petitioner who did not object to improperly conditioned submission waived right to a jury answer on the unanswered issue, and the issue must be deemed as having been answered by the court in such manner as to support the judgment).

More importantly, Appellees against who the issue would be deemed, had an opportunity to object to the submission of the two jury questions without the damage question. Appellees did not object. They cannot now complain that the damage issue was missing since they did not object prior to the submission of such issues. *See DiGiuseppe v Lawler*, 269 S.W.3d 588, 599 (Tex. 2008).

If one or more elements is omitted from the charge, then the omitted element must be deemed found by the trial court in a manner that supports its judgment *Tri v. J.T.T.*, 162 S.W.2d 552, 558 (Tex. 2005). *See also*, *In the Interest of JFC, ABC, & MBC,* 96 S.W.3d 256, 262-63 (Tex. 2002).

Since Hoang submitted the proper jury question and the jury found the reasonable and necessary fees, the issue of attorney's fees as damages is a deemed

finding and the Trial Court should have entered the judgment in favor of Hoang for the $230,000.

## III. THE DISTRICT COURT ERRED IN FAILING TO AWARD ATTORNEY'S FEES UNDER THE DECLARATORY JUDGMENT ACT (Issue No. 3 Restated)

### A. Hoang was entitled to Attorney's Fees under Tex. Civ. Prac. & Rem. Code §37.009

Hoang brought a cause of action under the Texas Declaratory Judgment Act (the "Declaratory Judgment Act") to determine that Appellants had released Hoang under the hold harmless agreement in the Acceptance Agreement. A court may award costs and reasonable and necessary attorney's fees which are equitable and just. Tex. Civ. Prac. & Rem. Code §37.009. The Court had the discretion to award attorney's fees under the Texas Declaratory Judgment Act. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

The Declaratory Judgment Act imposes four limitations on the Court's discretion; 1) that the fees are reasonable; 2) that the fees are necessary; 3) that the fees are equitable and 4) that the fees are just. The first two limitations, reasonable and necessary are fact issues which should be decided by the trier of the fact and the second two limitations, fair and equitable are legal issues that are matters of law to be decided by the Court. *Ridge Oil Company, Inc. v Guinn Investments, Inc.;* 148 S.W.3d. 143, 161 (Tex. 2003); *Bocquet,* 972 S.W.2d at 21.

In the present case, the Court submitted the issue of reasonable and necessary fees to the jury to decide. CR 421-422. The jury handed down a verdict that the reasonable and necessary attorney's fees for the services of Hoang's attorney's was $230,000. CR 422.

**B.    Hoang's Declaratory Judgment Action was Properly Pled**

In the present case, Hoang brought an action under Tex. Civ. Prac. & Rem. Code §37.001 *et seq.,* seeking a declaration that Appellees released Hoang under the hold harmless agreement in the Acceptance Agreement. The Declaratory Judgment action was not filed solely as a means to recover attorney's fees as Appellees argue. Only when a party brings a declaratory judgment action by way of a counterclaim or amended petition and the declaratory judgment involves only issues already raised by the original claim, does Appellees' argument prevail. *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 873 (Tex.App.-Dallas 2005, no pet.); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 556 (Tex. Civ. App-Texarkana 2003, writ denied). This was simply was not the case in the present case.

Appellees brought claims against Hoang for violations of the Texas Trade Practices Act, fraud, statutory fraud and conspiracy to commit fraud. Hoang brought counterclaims for breach of contract, promissory estoppel and an action under the declaratory judgment act seeking a declaration for interpretation of the Acceptance

Agreement that Appellees had released Hoang. CR 156-165. Hoang's counterclaims under the Declaratory Judgment Act were distinct and separate claims from Appellees' claims. Any party may sue and seek a judicial determination of contractual rights. *Stark v. Benckenstein*,156 S.W.3d 112, 116 (Tex. App.–Beaumont, 2004, pet. denied); *Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 767 (Tex. App.-El Paso 1993, writ denied). A release constitutes a contract. *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex.1997). Hoang was entitled to request a determination of questions of construction or validity arising under the Acceptance Agreement and to obtain a declaration of rights, status, or other legal relations thereunder. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a); *Hartman*, 863 S.W.2d at 767.

Appellees' raised the argument that Appellant's pleadings were insufficient which was simply a red herring. There is no particular type of pleading required for causes of action under the Declaratory Judgments Act. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ denied). Moreover, pleadings under the Declaratory Judgment Act are to be liberally construed. *Frost v. Sun Oil Co. (Delaware)*, 560 S.W.2d 467, 473 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ). Hoang's Fifth Amended Answer and Counter-claim clearly articulated Hoang's claim for declaratory judgment and her

rights to attorney's fees under the Declaratory Judgment Act. *See* CR 156-165. It is not necessary for a party moving for attorney's fees in a declaratory judgment action to specify the statutory authority for such an award in the motion, so long as the party pled for attorney's fees. *Purvis Oil Corp. v. Hillin,* 890 S.W2d 931, 939 (Tex. App.-El Paso 1994, no pet.) *See also Cap Rock Elec. Co-Op, Inc. v. Texas Utilities Elec. Co.*, 874 S.W.2d 92, 102 (Tex. App. – El Paso 1994, no pet.); *Housing Authority of the City of Harlingen v. Valdez,* 841 S.W.2d 860, 868 (Tex. App.—Corpus Christi 1992, writ denied): *District Judges of Collin County v. Commissioners Court of Collin County*, 677 S.W.2d 743, 746 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

In *Purvis Oil Corp,* Hillin pled for attorney's fees in its amended answer. Similarly, Hoang pled for attorney's fees under §37.009 in her pleadings. Since it was properly plead, the Court has the discretion to award Hoang her attorney's fees. *See Purvis Oil*, 890 S.W.2d at 939.

## C. An award of Attorney's Fees to Hoang is Equitable and Just

Equitable and just are questions of law for the Court to decide. *Bocquet*, 972 S.W.2d at 21. Whether the fees are equitable and just depends, "not on direct proof, but on the concept of fairness, in light of all the circumstances of the case." *Approach Resources I, L.P. v. Clayton,* 360 S.W.3d 632, 639-640 (Tex.App.–El Paso 2012, no writ). *See also Ridge Oil Co.,* 148 S.W.3d at 162. The award of attorney's fees is within the sound discretion of the court. *See Purvis Oil Corp.* 890 S.W.2d at 938 citing *Cap Rock Elec. Co-op., Inc.,* 874 S.W. 2d at 101 (an award of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal without a clear showing of abuse of discretion); *See also Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

The Trial Court abused his discretion because under the circumstances and facts of this case, awarding Hoang her attorney's fees in this case is equitable and just. The testimony solicited by the Appellees' counsel was that Hoang's attorney's fees were equal or close to what he was asking the jury to award him in his case in chief.[1] There was no great disparity in the amounts being sought by Hoang. The jury found

---

[1]The jury awarded Appellees' attorney $205,000 for attorney's fees and appellate attorney's fees of $41,000 and $25,000 making a total award to Appellees' attorney of $271,000. C$R 407-427.

the fees to be reasonable and necessary. As shown below, Hoang only incurred the fees because, despite having little or no evidence against Hoang, Appellees persisted in bringing claims against Hoang all the way through trial, despite executing the hold harmless agreement. Appellees initiated the lawsuit against Hoang based upon alleged claims of fraud and statutory fraud which were basically frivolous. Appellees, throughout the trial, presented no evidence to support their allegations. This was confirmed by the jury findings. Appellees admitted that there had been no representations or misrepresentations to them by Hoang, having never spoken to her except to exchange pleasantries at closing. No independent evidence of any of Appellees' allegations against Hoang existed, yet Appellees forced her to defend herself for the better part of three (3) years against their unfounded allegations.

Moreover, Appellees testified throughout the trial that they brought suit against at least two other parties, Grace Inspection Homes, Inc. and Michael Nguyen, whom they did not believe did anything wrong, but had insurance or were a source of funds for the lawsuit. Appellees own attorney admitted in his closing arguments that the jury should not hold his clients responsible for his advise to sue parties for the sole purpose that they had were sources of income, not because they were liable in any manner. RR Vol. 3A 12.

Appellees although they do not willingly admit it,  sued Hoang for exactly the same reason.  Appellees sued Hoang in hopes of getting a judgment that they could then take against the Texas Real Estate Trust fund, not because they really believed that she misled them or had knowledge of any of the water damage.  Appellees did not have any knowledge of anything that Hoang knew until several months into the case when she unequivocally testified that she had no knowledge of any of the alleged water damage that had occurred when the Seller owned the house.  Hoang consistently took the position that she had no knowledge of any water damage and the jury founder her to be credible.  RR Vol. 2 at 20-21, 30, 37-39.   Appellees and Appellees' counsel's conduct of suing innocent people just to fund their lawsuit  justifies the award of attorney's fees under the equitable and just standard. See RR Vol.3A 12.  Despite having executed and willingly entered into the Acceptance Agreement at closing which contained the release and hold harmless agreement, Appellees persisted in bringing claims against Hoang.   Appellant's actions cost Hoang at least $230,000.00 in legal fees as the cost of defense.  RR Vol. 15, Ex. 16.

Further, an award of damages against the Appellees will not impose the same type of financial burden on them or give rise to the same equities as it would in a typical case involving a single losing plaintiff and single prevailing defendant. In this case, despite losing on all jury questions involving Hoang, Appellees obtained a

judgment in excess of $1,200,000, against Chau, the Seller of the subject property. Having prevailed against Chau, the practical net effect of entering judgment in favor of Appellee for her attorney's fees would merely reduce Appellees' collection rights from approximately $1,200,000 to approximately $1,000,000, after netting out Hoang's attorney's fees of $230,000. On the other hand, failing to award Hoang her attorney's fees leaves her with an attorney's fees obligation of $230,000, despite favorable jury findings on all causes of action and despite having committed no wrongdoing and having been released and indemnified by Appellees. Finally, the $1.2 million plus judgment arose from the purchase of a home by Appellees from defendant Chau for approximately $145,000. CR 31. Appellees' judgment against Chau included additional damages under the Texas Deceptive Trade Practices Act which constitute a windfall to Appellees. Awarding Hoang's out of pocket attorney's fees against a windfall judgment in favor of Appellees is the only fair and equitable result.

The jury, as the trier of fact, did not find Hoang guilty of any wrong doing. More importantly, the jury through their answer affirmed that Appellees not only agreed to hold Hoang harmless, but actually failed to do so. Awarding Hoang her attorney's' fees', based on the jury's fact findings, is "equitable and just." *See AVCO Corp., Textron Lycoming Reciprocating Engine Div. of AVCO Corp. v. Interstate*

*Southwest, Ltd.,* 251 S.W.3d 632, 670 (Tex. App.–Houston [14 Dist.], 2007, writ denied). Since the jury had found that the attorney's fees were necessary and reasonable and the evidence was such that Hoang was released by Appellees, the Trial Judge abused his discretion by not awarding Hoang her attorney's fees under Tex. Civ. Prac. & Rem. Code §37.009.

## CONCLUSION AND PRAYER

The Trial Court erred in granting Appellee's Judgement Non Obstante Verdicto. Hoang is entitled to recover her attorney's fees of $230,000 for breach of the hold harmless agreement. Hoang respectfully requests this Court reverse the judgment of the trial court and render judgment in her favor for $230,000.00 plus post judgment interest as allowed by law. Alternatively, this Court should remand the sole issue of Hoang's damages under the hold harmless agreement.

Respectfully submitted,

**LAW OFFICE OF MYNDE S. EISEN, P.C.**

By /s/ Mynde S. Eisen
    Mynde S. Eisen
    State Bar No. 06503950
    P. O. Box 630749
    Houston, Texas 77263
    (713) 266-2955
    (281) 343-1089
    wyndeeisen@sbcglobal.net

and

Gary Cerasuolo
State Bar No. 00789927
Smith & Cerasuolo, LLP
7500 San Felipe, Suite 410
Houston, Texas 77063
(713) 787-0003
gary.cerasuolo@sbcglobal.net

ATTORNEYS FOR APPELLANT
CHI TRUC HOANG

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief has been served on all parties in interest as listed below by ecf transmission and/or by facsimile and/or by depositing the same in the U.S. mail, certified mail, return receipt requested on this 25th day of November, 2015.

*Mynde S. Eisen*

/s/ Mynde S. Eisen

Dana LaJune
Dana LeJune & Associates
6526 Washington Avenue, Suite 300
Houston, Texas 77007

CASE NO. 01-15-00681-CV
IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

---

CHI TRUC  HOANG
Appellant

vs.

TREVOR GILBERT AND JORJA GILBERT
Appellees

---

Appealed from the 334TH Court of Appeals
of Harris County, Texas

---

APPELLANT CHI TRUC HOANG'S APPENDIX

---

Mynde S. Eisen
State Bar No. 06503950
Law Office of Mynde S. Eisen, P.C.
P. O. Box 630749
Houston, Texas 77263
(713) 266-2955
(281) 343-1089
wyndeeisen@sbcglobal.net

Gary Cerasuolo
State Bar No. 00789927
Smith & Cerasuolo, LLP
7500 San Felipe, Suite 410
Houston, Texas 77063
(713) 787-0003
(713) 782-6785  (fax)
gary.cerasuolo@sbcglobal.net

ATTORNEYS FOR APPELLANT
CHI TRUC HOANG

APPELLANT REQUESTS ORAL ARGUMENT

# TABLE OF CONTENTS

| Tab no. | Document | Record Cite |
|---------|----------|-------------|
| 1. | Trial Court Judgment | CR 507-508 |
| 2. | Order Granting JNOV | CR 501 |
| 3. | Jury Verdict | CR 407-427 |
| 4. | Acceptance of Title and Closing Agreements | SCR 226-228 |
| 5. | Tex. Civ. Prac. & Rem. Code § 37.001 *et seq* | |
| 6. | Hoang's Proposed Jury Charge | 306-339 |
| 7. | Motion for JNOV | CR 434-444 |
| 8. | Response to JNOV | CR 484-499 |

# TAB NO. 1

Cause No. 2011-58137A

| TREVOR GILBERT and JORJA GILBERT | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HONG BICH CHAU, et al. | § | 334TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 11th day of November, 2014, Cause No. 2011-58137 was called to trial. All parties appeared in person and through their attorneys and announced ready for trial. A jury consisting of twelve good and lawful jurors was duly impaneled and the case proceeded to trial. Testimony was taken from witnesses and documents were received into evidence. At the conclusion of the evidence and after all parties rested and closed, the Court prepared its written charge to the jury, reading of the questions was waived by the parties but the first three pages of the charge were read to the jury. The jury reached its verdict on November 20, 2014, and found no fraud or deceptive trade practices on the part of Defendant Chi Truc Hoang ("Hoang"). The jury also reached a verdict awarding Chi Truc Hoang $230,000 against Plaintiffs Trevor Gilbert and Jorga Gilbert ("Plaintiffs"). On December 12, 2012, this Court entered its order severing all actions between Plaintiffs and Defendant Hoang into the above-numbered cause. Plaintiffs filed a Motion for Judgment *Non Obstante Veredicto*, which was granted by this Court on April 20, 2015. It is, therefore:

**ORDERED, ADJUDGED AND DECREED** that Trevor and Jorja Gilbert recover nothing against Chi Truc Hoang on their claims against her. It is, further,

**ORDERED, ADJUDGED AND DECREED** that Chi Truc Hoang recover nothing against Trevor Gilbert or Jorja Gilbert. It is, further,

**F I L E D**
Chris Daniel
District Clerk

MAY 1 1 2015

Time:_____
Harris County, Texas
By_____
Deputy          507

**ORDERED** that all costs of court are adjudged against the party incurring the same, in light of the mutual take-nothing awards being entered herein. It is, further,

**ORDERED** that this Judgment adjudicates all claims between Plaintiffs Trevor and Jorga Gilbert and Defendant Chi Truc Hoang. All relief not specifically granted herein is hereby **DENIED.**

SIGNED this _11ᵗʰ_ day of _May_ 2015.

_____
JUDGE GRANT DORFMAN

2

# TAB NO. 2

P1

Cjno0

Stipx

Cause No. 2011-58137A

| TREVOR GILBERT and JORJA GILBERT | § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, T E X A S |
| HONG BICH CHAU, et al. | § § | 334TH JUDICIAL DISTRICT |

### ORDER ON TREVOR AND JORJA GILBERT'S MOTION FOR JUDGMENT *NON OBSTANTE VEREDICTO*

CAME ON TO BE HEARD Plaintiffs Trevor and Jorja Gilbert's Motion for Judgment *Non Obstante Veredicto* ("the Motion").

Based upon the submissions and arguments of the parties, the Court is of the opinion that the Motion is meritorious and should be GRANTED. It is, therefore,

**ORDERED** that the Plaintiffs' Motion for Judgment *Non Obstante Veredicto* is hereby **GRANTED.** Plaintiffs are hereby directed to file and set for submission or oral hearing a proposed Final Judgment respecting the claims between Plaintiffs and Chi Truc Hoang *in this severed cause number* within seven (7) days.

SIGNED this 20th day of April, 2015.

_____
JUDGE GRANT DORFMAN

501

# TAB NO. 3

**CAUSE NO. 2011-58137**

| | | |
|---|---|---|
| TREVOR GILBERT and JORJA GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HONG BICH CHAU, AHN VAN DANG | § | |
| CHI TRUC HOANG and MICHAEL | § | |
| TRUONG NGUYEN | § | 334th JUDICIAL DISTRICT |

**FILED**
Chris Daniel
District Clerk
Time: _____ NOV 20 2014
By _____
Harris County, Texas
Deputy

## CHARGE OF THE COURT

**MEMBERS OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experience with the other Jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1.    Do not let bias, prejudice, or sympathy play any part in your decision.

2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.    You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

407

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "Yes" or "No" to all questions unless you are told otherwise. A "Yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence, *unless you are otherwise instructed.*

The term **"preponderance of the evidence"** means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say: "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

If you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

Depending upon your answers to this Charge, there may be a need to take brief, additional testimony and for you to deliberate upon additional questions after you have completed your initial deliberations.

2

408

## QUESTION NO. 1

Did any of the persons named below engage in any false, misleading, or deceptive act or practice that Trevor and Jorja Gilbert relied on to their detriment and that was a producing cause of damages to them?

> **"Producing cause"** means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

> **"False, misleading, or deceptive act or practice"** means any of the following:

>> 1. Representing that real estate had or would have characteristics that it did not have; or

>> 2. Representing that real estate is or will be of a particular quality if it was of another; or

>> 3. Failing to disclose information about real estate that was known at the time of the transaction with the intention to induce the Trevor and Jorja Gilbert into a transaction they otherwise would not have entered into if the information had been disclosed.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

Answer: _____ Yes _____

b. Hong Bich Chau

Answer: _____ Yes _____

c. Chi Truc Hoang

Answer: _____ No _____

3

## QUESTION NO. 2

Did any of the persons named below engage in any unconscionable action or course of action that was a producing cause of damages, if any, to Trevor and Jorja Gilbert?

> **"An unconscionable action or course of action"** is an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

   Answer: _____Yes_____

b. Hong Bich Chau

   Answer: _____Yes_____

c. Chi Truc Hoang

   Answer: _____NO_____

4

410

Answer Question No. 3 for any of the persons named below only if you answered "Yes" with respect to that person in either Question No. 1 or Question No. 2. Otherwise, do not answer the following question.

## QUESTION NO. 3

Did any of the persons named below engage in the conduct that you found in response to Question Nos. 1 or 2, above, knowingly or intentionally?

> **"Knowingly"** means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

> **"Intentionally"** means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally, or may be inferred from facts showing that the person acted with such flagrant disregard of prudent and fair business practices that the person should be treated as having acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Trevor and Jorja Gilbert.

Answer "Yes" or "No" for each of the following persons, if and as applicable:

|  |  | **Knowingly** | **Intentionally** |
|---|---|---|---|
| a. | Ahn Van Dang | Answer: _Yes_ | Answer: _Yes_ |
| b. | Hong Bich Chau | Answer: _Yes_ | Answer: _Yes_ |
| c. | Chi Truc Hoang | Answer: _N/A_ | Answer: _N/A_ |

5

411

## QUESTION NO. 4

Did any of the persons named below commit fraud against Trevor and Jorja Gilbert?

You are instructed that fraud occurs when –

a. a person voluntarily discloses partial information but fails to disclose the whole truth, or makes a partial disclosure and conveys a false impression;

b. the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth;

c. the party intends to induce the other party to take some action by failing to disclose the fact; and

d. the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

You are further instructed that fraud also occurs when –

a. a party makes a material misrepresentation;

b. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion;

c. the misrepresentation is made with the intention that it should be acted on by the other party; and

d. the other party relies on the misrepresentation and thereby suffers injury.



**"Misrepresentation"** means a false statement of fact.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

Answer: _____Yes_____

b. Hong Bich Chau

Answer: _____Yes_____

c. Chi Truc Hoang

Answer: _____NO_____

6

## QUESTION NO. 5

Did any of the persons named below commit statutory fraud against Trevor and Jorja Gilbert?

You are instructed that statutory fraud occurs when –

a. there is a false representation of a past or existing material fact;

b. the false representation is made to a person for the purpose of inducing that person to enter into a contract, and;

c. the false representation is relied on by that person in entering into that contract.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

Answer: _____Yes_____

b. Hong Bich Chau

Answer: _____Yes_____

c. Chi Truc Hoang

Answer: _____NO_____

7

413

If you answered "Yes" to either Question Nos. 1, 2, 4 or 5 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence in response to Question Nos. 1, 2, 4 or 5. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

## QUESTION NO. 6

For each person you found caused or contributed to cause the damages, if any, to Trevor and Jorja Gilbert, find the percentage of responsibility attributable to each:

| | | | |
|---|---|---|---|
| 1. | Ahn Van Dang | 50 | % |
| 2. | Hong Bich Chau | 50 | % |
| 3. | Chi Truc Hoang | 0 | % |
| 4. | Trevor Gilbert | 0 | % |
| 5. | Jorja Gilbert | 0 | % |
| 6. | Grace Home Inspection Services | 0 | % |
| 7. | Michael Nguyen | 0 | % |
| Total | | 100 | % |

8

414

If your answer to Question Nos. 1, 2, 4 or 5 was "Yes" for any party, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 7

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Trevor and Jorja Gilbert for their damages, if any, that resulted from such conduct?

> In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.
>
> Do not include in your answer any amount that you find Trevor and Jorja Gilbert could have avoided by the exercise of reasonable care.

Answer in dollars and cents for damages, if any:

1. The reasonable and necessary cost to repair Trevor and Jorga Gilbert's home.

   Consider the reasonable cost in Harris County, Texas, to restore the River Garden house to the condition it was in immediately before any of the water damaging events, if any, that occurred on or before October 2, 2009.

   Answer: $ 150,000.00

2. The loss of use of the home in the past.

   Consider the reasonable value of the use of a home in the same class as the home in question.

   Answer: $ 54,000.00

3. Trevor Gilbert's mental anguish in the past:

   Answer: $ 100,000.00

9

415

4. Trevor Gilbert's mental anguish in the future:

   Answer: $ __40,000.00__

5. Jorja Gilbert's mental anguish in the past:

   Answer: $ __100,000.00__

6. Jorja Gilbert's mental anguish in the future:

   Answer: $ __40,000.00__

416

If you answered any part of Question No. 7 by inserting a dollar amount for any of the persons named below, then answer the following question for any corresponding person(s) named below. Otherwise, do not answer the following question.

## QUESTION NO. 8

What sum of money, if any, in addition to actual damages, should be awarded to Trevor and Jorja Gilbert because the conduct was committed knowingly?

Answer with an amount in dollars for each of the following:

a. Ahn Van Dang

Answer: $ _450,000.00_

b. Hong Bich Chau

Answer: $ _450,000.00_

c. Chi Truc Hoang

Answer: $ _N/A_

11

417

Answer Question No. 9 for any of the persons named below only if you answered "Yes" with respect to that person in either Question Nos. 1, 2, 4 or 5. Otherwise, do not answer the following question.

## QUESTION NO. 9

Were any of the persons named below part of a conspiracy that damaged Trevor and Jorja Gilbert?

> To be part of a conspiracy, one of the persons named below and another person or persons must have had actual knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Trevor and Jorja Gilbert. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

Answer: _____Yes_____

b. Hong Bich Chau

Answer: _____Yes_____

c. Chi Truc Hoang

Answer: _____N/A_____

12

418

If you unanimously answered "Yes" to Question No. 5, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 10

Did any of the persons named below have actual awareness of the falsity of the representation that you found to be fraud in Question No. 5, above?

> You are instructed that actual awareness may be inferred where objective manifestations indicate a person acted with actual awareness.

Answer "Yes" or "No" for each of the following:

a. Ahn Van Dang

Answer: _____

b. Hong Bich Chau

Answer: _____

c. Chi Truc Hoang

Answer: _____

13

419

Answer Question No. 11 for any of the persons named below only if you answered "Yes" with respect to that person in either Question Nos. 1, 2 or 5. Otherwise, do not answer the following question.

## QUESTION NO. 11

What is a reasonable fee for the necessary services of Trevor and Jorja Gilbert's attorney, stated in dollars and cents?

Answer with an amount for each of the following:

1. For representation in the trial court.

Answer: $ _205,000.00_

2. For representation through appeal to the court of appeals.

Answer: $ _41,000.00_

3. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $ _25,000.00_

14

420

Do not answer Question No. 12 if you answered "Yes" to either Question No. 4(c) or 5(c). Otherwise, you should answer Question No. 12.

## QUESTION NO. 12

Did Trevor and Jorja Gilbert fail to comply with the agreement to release and hold harmless Chi Truc Hoang?

Answer "Yes" or "No":

ANSWER: ___Yes___

15

421

Answer Question No. 13 only if you answered "Yes" to Question No. 12. Otherwise, do not answer the following question.

## QUESTION NO. 13

What is a reasonable fee for the necessary services of Chi Truc Hoang's attorney, stated in dollars and cents?

Answer with an amount for each of the following:

1. For representation in the trial court.

Answer: $____230,000.00____

2. For representation through appeal to the court of appeals.

Answer: $____0____

3. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $____0____

Answer Question No. 14 only if you answered "Yes" to Question Nos. 4 or 5, and you were unanimous in your answer to the question or questions. Otherwise, do not answer Question No. 14.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

## QUESTION NO. 14

Do you find by clear and convincing evidence that the harm to Trevor and Jorja Gilbert resulted from malice attributable to Ahn Van Dang?

> **"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

> **"Malice"** means:

> a. a specific intent by Ahn Van Dang to cause substantial injury to Trevor and Jorja Gilbert; or

> b. an act or omission by Ahn Van Dang --

> (i) which when viewed objectively from the standpoint of Ahn Van Dang at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (ii) of which Ahn Van Dang had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No":

ANSWER: _____

17

423

Answer Question No. 15 only if you answered "Yes" to Question Nos. 4 or 5, and you were unanimous in your answer to the question or questions. Otherwise, do not answer Question No. 15.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

## QUESTION NO. 15

Do you find by clear and convincing evidence that the harm to Trevor and Jorja Gilbert resulted from malice attributable to Hong Bich Chau?

> **"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.
>
> **"Malice"** means:
>
> a. a specific intent by Hong Bich Chau to cause substantial injury to Trevor and Jorja Gilbert; or
>
> b. an act or omission by Hong Bich Chau --
>
> (i) which when viewed objectively from the standpoint of Hong Bich Chau at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (ii) of which Hong Bich Chau had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No":

ANSWER: _____

18

424

Answer Question No. 16 only if you answered "Yes" to Question Nos. 4 or 5, and you were unanimous in your answer to the question or questions. Otherwise, do not answer Question No. 16.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

## QUESTION NO. 16

Do you find by clear and convincing evidence that the harm to Trevor and Jorja Gilbert resulted from malice attributable to Chi Truc Hoang?

> **"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.
>
> **"Malice"** means:
>
> a. a specific intent by Chi Truc Hoang to cause substantial injury to Trevor and Jorja Gilbert; or
>
> b. an act or omission by Chi Truc Hoang --
>
> (i) which when viewed objectively from the standpoint of Chi Truc Hoang at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (ii) of which Chi Truc Hoang had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No":

ANSWER: _____

19

425

When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

## PRESIDING JUROR

The presiding juror has these duties:

a. Read the complete charge aloud.
b. Preside over your deliberations. This means the presiding juror will manage the discussions, and see that you follow the instructions.
c. Give written questions or comments to the bailiff who will give them to the judge.
d. Write down the answers you agree on.
e. Get the signatures for the verdict certificate.
f. Notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

## INSTRUCTIONS FOR SIGNING THE VERDICT CERTIFICATE

1. Unless otherwise instructed, you may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you cannot have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

   If 11 jurors agree on every answer, those 11 jurors sign the verdict.

   If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____
(JUDGE GRANT DORFMAN

20

## VERDICT CERTIFICATE

**Check one:**

_____ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

_____     _____
Signature of Presiding Juror              Printed name of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below

___✓___ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below

**SIGNATURE**                                **NAME PRINTED**

1. _____           Joseph Gross
2. _____           Daniel Rodriguez
3. _____           Erin Dow
4. _____           Elisa Cabrales
5. _____           Roy Burnett
6. _____           Joan Tablante
7. _____           Jesse Frierson
8. _____           Robin J Converse
9. _____           Caryn Nimminsky
10. _____           ANNE MARIE THOMPSON
11. _____

21

427

# TAB NO. 4

# ACCEPTANCE OF TITLE AND CLOSING AGREEMENTS

Fidelity National Title Insurance Company

GF No. ___7200 4706___

Closing Date: ___10/2/09___

Re: Legal Description_____

Buyer's Name: Buyer Name(s)

Seller's Name: Seller Name(s)

## RECEIPT OF COMMITMENT

The undersigned Purchasers do hereby acknowledge receipt of an Owner Title Policy Commitment in the amount of $ __145 500__; and a copy of the instruments which evidence the exceptions indicated in said Owner Title Policy Commitment and approve the same (if requested).

The undersigned Purchasers further acknowledge the receipt of copies of the closing documents, including the closing statement.

## SURVEY

The undersigned Purchasers acknowledge receipt of a copy of the survey of the above property and accept the same subject to any and all easements, right of ways, encroachments, conflicts, discrepancies and improvements shown thereon and hereby release and agree to save and hold FIDELITY NATIONAL TITLE INSURANCE COMPANY harmless from any and all costs, damages and expenses in any way arising from the existence of the aforementioned encroachment(s) including, but not limited to, court costs and attorney's fees.

The undersigned Purchasers further acknowledge that, unless they elect in writing or otherwise by initialing at the end of this paragraph, or fail or refuse to pay the premium prescribed by the Texas Department of Insurance, your Owners Policy of Title Insurance, Item 2, Schedule B, as to any discrepancies, conflicts, shortages in area or boundary lines, any encroachments or protrusions, or any overlapping of improvements will be amended to read it its entirety "Shortages in area", Item 2, Schedule B of the Owner Policy of Title Insurance to be issued in their favor, will read in its entirety "Shortages in Area", pursuant to Procedural Rule 2(a) of the Texas Title Insurance Basic Manual.

## WAIVER OF INSPECTION

The undersigned Purchasers do hereby waive inspection by FIDELITY NATIONAL TITLE INSURANCE COMPANY of such property and accept their Owner Title Insurance Policy subject to the rights of the parties in possession.

## AFFIDAVIT OF POSSESSION

The undersigned Sellers have sold and conveyed to the undersigned Purchasers the property referenced above.

Such sale has been closed and Sellers acknowledge full receipt of the sale price and acknowledge the Purchasers as the owners of said property and are entitled to possession thereof.

If Sellers fail to vacate on or before said date; Purchasers may pursue their remedies and rights according to law.

We request FIDELITY NATIONAL TITLE INSURANCE COMPANY to file for record the Deed and other papers related to the transaction, and to pay the Sellers the amount of money due them and to otherwise fully disburse all funds out of the transaction, and it is understood that said FIDELITY NATIONAL TITLE INSURANCE COMPANY shall not be held responsible in any manner by reason of Sellers remaining in possession.

## ACCEPTANCE OF PROPERTY

The undersigned Purchasers have inspected said property personally and/or through professionals which they have selected. The results of the inspections have been satisfactory to them and they accept the property in its present condition. All repairs required to be made under the terms of the Purchase Contract have been satisfactorily completed.

The undersigned Purchasers acknowledge that neither the Real Estate Agent(s), or Broker(s), or FIDELITY NATIONAL TITLE INSURANCE COMPANY have made any warranties or representations as to the condition of the above referenced property, or as to the requirements of the parties under their contract of sale, and accordingly, the undersigned Purchasers release and hold them harmless from any and all liability in regard to the same.



EXHIBIT

266

## AD VALOREM TAXES

Not withstanding any provision(s) contained in any other written agreement between Seller and Purchasers, the undersigned Purchasers and Sellers of the above referenced property acknowledge that they have been advised that the tax rolls may carry said property within a larger tract of land and/or as unimproved or partially improved property or with certain exemptions. Tax escrows may be calculated on an unimproved basis or with exemptions to which the Purchasers may not be entitled. A change in or transfer of exemptions may result in an increase in the taxes on the property. FIDELITY NATIONAL TITLE INSURANCE COMPANY will not be liable or responsible as a result of any subsequent increase in taxes or change in the basis on which the property is appraised, valued or taxed.

The undersigned agree that if the Contract or agreement of the parties requires proration of the taxes, then, the proration of taxes may be based on an estimate or actual taxes from the previous year on the above referenced property. Should the actual tax figures for the year prorated prove to be different, resulting in the necessity for adjustment, the undersigned agree and consent to make appropriate adjustments between themselves and FIDELITY NATIONAL TITLE INSURANCE COMPANY shall have no responsibility in this regard.

Seller recognizes their responsibility for all taxes prior to the date of closing the subject transaction. Should it develop at a later date, that taxes other than those collected at closing are due for prior years, Seller agrees to make full settlement to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

Purchaser recognizes their responsibility for current year's taxes. Further, PURCHASER AGREES TO CONTACT ALL TAXING AUTHORITIES TO NOTIFY THEM OF THE CHANGE IN OWNERSHIP OF SUBJECT PROPERTY TO ASSURE PROPER RECEIPT OF FUTURE TAX NOTICES.

## PAYOFF AGREEMENT

We the undersigned Seller(s) do hereby acknowledge that the payoff information (loan balance, reserve account information, late charges, interest, etc) relative to the referenced loan(s) paid as part of this closing was provided to FIDELITY NATIONAL TITLE INSURANCE COMPANY by the Lender(s) and that FIDELITY NATIONAL TITLE INSURANCE COMPANY does not guarantee nor can they be held liable for the accuracy of said information.

The undersigned does hereby authorize lender to deduct from his impound/reserve account any additional amount necessary to pay in full the referenced loan; and the undersigned further agrees that should lender refuse to make such deduction from the impound/reserve account or should the balance in such account not be sufficient, then the undersigned will immediately deliver the required additional funds to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

The undersigned further agrees to hold harmless FIDELITY NATIONAL TITLE INSURANCE COMPANY from any and all actions that may arise due to stop payment of checks from seller to lender, NSF checks of seller to lender, or inaccurate loan information provided to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

## RESPA DISCLOSURE NOTICE
The following applies only to transactions governed by The Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2601 et seq.) (RESPA)

This is to give you notice that FIDELITY NATIONAL TITLE INSURANCE COMPANY ("Fidelity") and FIDELITY NATIONAL TITLE INSURANCE COMPANY, ("Title") has a business relationship with Fidelity National Information Solutions, Inc. ("FNIS") AND ITS SUBSIDIARIES. Title and Fidelity are owned 100% by Fidelity National Financial, Inc. ("FNF"), which also owns 80% of FNIS. FNIS owns 100% of National TaxNet, the settlement service provider to which you have been referred. Because of this relationship, this referral may provide Fidelity or FNF with a financial or other benefit. The estimated charge for the purchased tax information will be $_____. You are not required to use National TaxNet as a condition for the closing of the real estate transaction on the subject property. There are frequently other settlement service providers available with similar services. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST TAX INFORMATION SERVICE AND THE BEST RATE FOR THIS SERVICE. If you do not acquire acceptable ad valorem tax information yourself, and utilize the information provided by National TaxNet, you are acknowledging b signing this Agreement that I/We have read this RESPA disclosure statement, and understand that FIDELITY NATIONAL TITLE INSURANCE COMPANY is referring me/us to purchase the above described settlement service and may receive a financial or other benefit as the result of this referral.

## HOME WARRANTIES AND RESIDENTIAL SERVICE CONTRACTS

FIDELITY NATIONAL TITLE INSURANCE COMPANY does not sell, promote or procure home warranties or residential service contracts and assumes no liability or responsibility in regard to the same. Home warranties and residential service contracts cannot be secured until after the closing is complete, then the purchaser and seller must send a complete application to the warranty or residential service contract company. Further, FIDELITY NATIONAL TITLE INSURANCE COMPANY makes no representation or guarantee that home warranties or residential service contracts coverage has or will be issued in connection with this transaction. The undersigned hereby accept full responsibility for obtaining any home warranty or residential service contract protection required in this transaction. The parties hereby release and agree to indemnify FIDELITY NATIONAL

TITLE INSURANCE COMPANY from any and all liability in connection with securing any home warranty or residential service contract required in this transaction.

## COMPLIANCE AGREEMENT

The undersigned agree to comply with all provisions of the real estate contract, Lender's closing instructions, or other documents executed in connection with the closing of this transaction. The undersigned further agree to fully cooperate, adjust, and correct any errors or omissions and to execute any and all documents needed or necessary to comply with all provisions of the above mentioned real estate contract, Lender's Closing Instructions or other documents executed in connection with the closing of this transaction, including the payment of attorney's fees incurred in enforcing the terms of this compliance agreement.

## ARBITRATION

All claims, disputes, or controversies between the undersigned parties and Fidelity National Title Insurance Company and/or its attorneys and representatives, including, but not limited to, those arising out of or relating to our services in connection with this transaction or this Agreement (except for claims against a title insurance policy issued in connection with this transaction), will be submitted to binding arbitration governed by the procedures of the Texas General Arbitration Act, Texas Civil Practice and Remedies Code, Chapter 171 for State law claims. Federal Law claims must be submitted to the National Arbitration Forum and must be governed by the Federal Arbitration Act, 9 U.S.C. 1-16, as amended. The arbitration fees must be shared equally by the parties. The decision of the arbitrator will be final and binding upon the parties. The arbitration must take place in Fort Worth, Texas for State law claims or the nearest National Arbitration Forum for Federal Law claims. If any party commences litigation in violation of this Agreement, such party must reimburse the other party for its cost and expense incurred in such litigation. This agreement and transaction will be governed by Texas Law and, as applicable, Federal Law.

## RECEIPT OF COPIES

The undersigned parties acknowledge that we have received copies of all the documents signed by us at the closing relating to the Property described above.

Due to space restrictions and the cost of storage, Fidelity National Title Insurance Company will not retain copies of all the documents the undersigned is receiving today. It is the sole responsibility of the undersigned and is not the responsibility of Fidelity National Title Insurance Company to maintain the records delivered today.

In the event the undersigned needs copies of the documents in the future, they must be obtained from third parties, such as a lender or other provider involved in this transaction.

THIS DOCUMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE UNDERSIGNED AND FIDELITY NATIONAL TITLE INSURANCE COMPANY CONCERNING THE MATTERS ADDRESSED HEREIN AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS, WARRANTIES OR REPRESENTATIONS BETWEEN THE PARTIES. NO EXPRESS OR IMPLIED AGREEMENT, WARRANTY, REPRESENTATION OR WAIVER CONCERNING THE MATTERS ADDRESSED HEREIN MAY BE MADE BY ANY OFFICER, AGENT OR EMPLOYEE OF FIDELITY NATIONAL TITLE INSURANCE COMPANY WITHOUT THE WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF THE COMPANY.

SELLER(S):

Executed this ___ day of ___OCTOBER___, 2004

___Hong B Chau___

PURCHASER(S):

Executed this ___ day of ___OCTOBER___, 2004

___TREVOR Gilbert___            ___Jorja Gilbert___

# TAB NO. 5

Vernon's **Texas** Statutes and **Codes** Annotated
  Civil Practice and Remedies **Code**(Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies **Code** § 37.001

§ **37.001.** Definition

Currentness

In this chapter, "person" means an individual, partnership, joint-stock company, unincorporated association or society, or municipal or other corporation of any character.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

**RESEARCH REFERENCES**

**Forms**

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 1:2, Checklist-- Drafting Petition to Establish Rights to Abandoned Property at Common Law.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 1:3, Petition--For Declaratory Judgment Establishing Ownership of Abandoned Personal Property--By Holder--Against Former Owner.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 68:3, Petition--To Enjoin Enforcement of Statute--Denial of Equal Rights.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:1, Overview.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:4, Subject Matter for Relief.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:6, Parties.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 12:28, Petition--Application for Injunction--Wrongful Diversion of Water Onto Plaintiff's Property.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 170:6, Actions to Quiet Title.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 186:3, Ripeness and Mootness.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 189:5, Actions Involving Party Walls.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 189:8, Petition--Against Adjoining Landowner--For Declaratory Judgment--To Determine Rights in Wall and for Restraining Order and Injunction.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 196:7, Prayer for Relief.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 208:9, Petition--By Unsuccessful Bidder--For Injunctive and Declaratory Relief Compelling County to Award Contract to Plaintiff.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 209:1, Introductory Comments.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 215:7, Petition--Declaration of Validity of Election of Church Officer.

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 215:8, Petition--Injunction Against Use of Name of Religious Association by Another.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.002

§ 37.002. Short Title, Construction, Interpretation

Currentness

(a) This chapter may be cited as the Uniform Declaratory Judgments Act.

(b) This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered.

(c) This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Notes of Decisions (245)

V. T. C. A., Civil Practice & Remedies Code § 37.002, TX CIV PRAC & REM § 37.002
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § **37.003**

§ **37.003**. Power of Courts to Render Judgment; Form and Effect

Currentness

(a) A court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. An action or proceeding is not open to objection on the ground that a **declaratory** judgment or decree is prayed for.

(b) The declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree.

(c) The enumerations in Sections 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section in any proceeding in which **declaratory** relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

**LAW REVIEW COMMENTARIES**

Annual survey of **Texas** law:
    **Declaratory** judgments. John McElhaney, 24 Sw.L.J. 196 (1970).
**Declaratory** judgments from the **Texas** Court of Criminal Appeals. 21 S.Tex.L.J. 310 (1980).
**Declaratory** judgments in **Texas**: Mandatory or discretionary? Robert W. Calvert, 14 St.Mary's L.J. 1 (1982).
**Declaratory** judgments under Model State Administrative Procedure **Acts**. Daniel J. Gifford, 13 Hous.L.Rev. 825 (1976).
**Texas** Administrative Procedure and **Texas** Register **Act** since 1976--Selected problems. Honorable Bob E. Shannon and James B. Ewbank, II, 33 Baylor L.Rev. 393 (1981).

**LIBRARY REFERENCES**

**2014 Main Volume**

**2014 Main Volume**

**Declaratory** Judgment ☞3, 383.

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.004

§ 37.004. Subject Matter of Relief

Effective: June 15, 2007
Currentness

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b) A contract may be construed either before or after there has been a breach.

(c) Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2007, 80th Leg., ch. 305, § 1, eff. June 15, 2007.

**Editors' Notes**

**LAW REVIEW COMMENTARIES**

Annual survey of **Texas** law: Family law: Parent & child. Linda B. Thomas and Ardita L. Vick, 61 SMU L.Rev. 819 (2008).
Annual survey of **Texas** law; Oil, gas, and mineral law. Richard F. Brown, 60 SMU L.Rev. 1189 (2007).
A miry bog part II: UDJA and APA **declaratory** judgment actions and agency statements made outside a contested case hearing regarding the meaning of the law. Ron Beal, 59 Baylor L.Rev 267 (2007).
Recent developments in fifth circuit business torts jurisprudence. Sofia Adrogue, 44 **Tex**. Tech L. Rev. 565 (2012).

**LIBRARY REFERENCES**

**2014 Main Volume**

**2014 Main Volume**

**Declaratory** Judgment ☞81.

**2014 Main Volume**

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.005

§ 37.005. Declarations Relating to Trust or Estate

Currentness

A person interested as or through an executor or administrator, including an independent executor or administrator, a trustee, guardian, other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust or of the estate of a decedent, an infant, mentally incapacitated person, or insolvent may have a declaration of rights or legal relations in respect to the trust or estate:

(1) to ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(2) to direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity;

(3) to determine any question arising in the administration of the trust or estate, including questions of construction of wills and other writings; or

(4) to determine rights or legal relations of an independent executor or independent administrator regarding fiduciary fees and the settling of accounts.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 167, § 3.08(a), eff. Sept. 1, 1987; Acts 1999, 76th Leg., ch. 855, § 10, eff. Sept. 1, 1999.

Notes of Decisions (55)

V. T. C. A., Civil Practice & Remedies Code § 37.005, TX CIV PRAC & REM § 37.005
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.006

§ 37.006. Parties

Currentness

(a) When **declaratory** relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

(b) In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

### LIBRARY REFERENCES

**2014 Main Volume**

**2014 Main Volume**

**Declaratory** Judgment ⬤�determine291 to 306.

**2014 Main Volume**

C.J.S. **Declaratory** Judgments §§ 133 to 147.

### RESEARCH REFERENCES

**2015 Electronic Update**

**ALR Library**

71 ALR 2nd 723, Construction, Application, and Effect of § 11 of the Uniform **Declaratory** Judgments **Act** that All Persons Who Have or Claim Any Interest Which Would be Affected by the Declaration Shall be Made Parties.
110 ALR 817, Joinder of Causes of Action and Parties in Suit Under **Declaratory** Judgment **Act**.
142 ALR 8, Application of **Declaratory** Judgment **Acts** to Questions in Respect of Insurance Policies.

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.007

§ **37.007**. Jury Trial

Currentness

If a proceeding under this chapter involves the determination of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

### LIBRARY REFERENCES

**2014 Main Volume**

**2014 Main Volume**

**Declaratory** Judgment ☞368.

**2014 Main Volume**

C.J.S. **Declaratory** Judgments §§ 164 to 165.

### RESEARCH REFERENCES

**2015 Electronic Update**

**Encyclopedias**

TX Jur. 3d **Declaratory** Relief § 13, Deeds.
TX Jur. 3d **Declaratory** Relief § 29, Jury Trial.

**Forms**

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:9, Trial.
**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:14, Checklist—Matters to Consider in Drafting Cause of Action Seeking **Declaratory** Judgment Under UDJA.

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.008

**§ 37.008.** Court Refusal to Render

Currentness

The court may refuse to render or enter a **declaratory** judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

### LIBRARY REFERENCES

**2014 Main Volume**

**2014 Main Volume**

**Declaratory** Judgment ☞5, 8.

**2014 Main Volume**

C.J.S. **Declaratory** Judgments §§ 11 to 13.

### RESEARCH REFERENCES

**2015 Electronic Update**

**ALR Library**

87 ALR 1205, Declaration of Rights or **Declaratory** Judgments.

**Encyclopedias**

TX Jur. 3d **Declaratory** Relief § 8, Discretion of Court.
TX Jur. 3d **Declaratory** Relief § 17, Jurisdiction.

**Forms**

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:3, Power of Courts Under UDJA.
**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 91:55, Answer--Allegation--Plea to Jurisdiction--Declaration Would Not Terminate Controversy--Another Action Involving Same Parties and Issues Pending.

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Vernon's **Texas** Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.009

§ **37.009**. Costs

Currentness

In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

## LAW REVIEW COMMENTARIES

Annual Survey of **Texas** Law:
A judicial and economic analysis of attorney's fees in trust litigation and the resulting inequitable treatment of trust beneficiaries. Charles Epps Ipock, 43 St. Mary's L.J. 855 (2012).
  Resolving attorneys' fees in **Texas** business litigation. Ralph I. Miller, Angela C. Wennihan, 56 SMU L.Rev. 1115 (2003).

## RESEARCH REFERENCES

### 2015 Electronic Update

### ALR Library

87 ALR 3rd 429, Insured's Right to Recover Attorneys' Fees Incurred in **Declaratory** Judgment Action to Determine Existence of Coverage Under Liability Policy.
98 ALR 1264, **Act** or Default of Officer or Employee Covered by Fidelity Bond or Insurance.

### Encyclopedias

TX Jur. 3d **Declaratory** Relief § 5, Justiciable Controversy.
TX Jur. 3d **Declaratory** Relief § 7, Effect of Existence of Another Adequate Remedy.
TX Jur. 3d **Declaratory** Relief § 8, Discretion of Court.
TX Jur. 3d **Declaratory** Relief § 9, Where Action Pending.
TX Jur. 3d **Declaratory** Relief § 27, Counterclaims.
TX Jur. 3d **Declaratory** Relief § 31, Costs and Attorney's Fees.
TX Jur. 3d **Declaratory** Relief § 33, Review.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.010

§ 37.010. Review

Currentness

All orders, judgments, and decrees under this chapter may be reviewed as other orders, judgments, and decrees.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Notes of Decisions (64)

V. T. C. A., Civil Practice & Remedies Code § 37.010, TX CIV PRAC & REM § 37.010
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.011

§ 37.011. Supplemental Relief

Currentness

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application must be by petition to a court having jurisdiction to grant the relief. If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Notes of Decisions (23)

V. T. C. A., Civil Practice & Remedies Code § 37.011, TX CIV PRAC & REM § 37.011
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB NO. 6

## 2011-58137A / Court: 334
### NO. 2011-=58137

| | | |
|---|---|---|
| TREVOR GILBERT AND JORJA GILBERT | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| vs. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| HONG BICH CHAU, ET AL | § | |
| Defendant | § | 334TH JUDICIAL DISTRICT |

## DEFENDANT CHI TRUC HOANG'S PROPOSED JURY CHARGE

Defendant and Counter-Plaintiff Chi Truc Hoang's Proposed Jury Charge is attached.

Respectfully submitted,

LAW OFFICE OF MYNDE S. EISEN, P.C.

By: _____
Mynde S. Eisen
State Bar No. 06503950
P.O. Box 630749
Houston, Texas 77263
(713) 266-2955
(713) 266-3008 (fax)
email: wyndeeisen@sbcglobal.net

ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF
CHI TRUC HOANG

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record through their attorneys as listed below hand delivery on this 20th day of October, 2014.

_____
Mynde S. Eisen

Dana LeJune
6525 Washington Avenue, Suite 300
Houston, Texas 77007

Craig Welscher
Alex Weatherford
The Welscher Law Firm
1111 North Loop West, Suite 702
Houston, Texas 77008

Michael Truong Nguyen
3514 Shadow Spring Court
Houston, Texas 77082

306

## QUESTION NO. ___

Did any of the parties named below engage in any false, misleading, or deceptive act or practice that Trevor Gilbert and Jorja Gilbert relied on to their detriment and that was a producing cause of damages to them?

"Producing cause" or "Proximate cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.[1]

"False, misleading, or deceptive act or practice" means any of the following:

1.  Representing that goods had or would have characteristics that they did not have;[2] or
2.  Failing to disclose information about goods that was known at the time of the transaction with the intention to induce Trevor Gilbert and Jorja Gilbert into a transaction they would not have entered into if the information had been disclosed;[3] or
3.  Representing that goods are or will be of a particular quality if they were of another; or representing that good or services are of a particular standard, quality or grade, or that goods are of a particular syle or model when they are of another[4]

"Goods" means tangible chattels or real property purchased or leased for use"[5]

Answer "Yes" or "No for each

Ahn ("Andy")Van Dang        Answer: _____

Hong Bich Chau              Answer: _____

Chi Truc Hoang             Answer: _____

Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____


_____
JUDGE PRESIDING

---

[1] PJC 102.1; *Ford Motor Co. v Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007); *Prudential Insurance Co. of America v Jefferson Associates, Ltd.* 896 S.W.2d 156, 161 (Tex. 1995)

[2] PJC 102.2; Tex. Bus. & Comm. Code §1746(b)(5).

[3] PJC 102.5; Tex Bus. & Comm. Code §1746(b)(24).

[4] PJC 102.3 Tex. Bus. & Comm. Code §1746(b)(7).

-2-

307

## QUESTION NO. ____

Did any of the parties named below engage in any unconscionable action or course of action that was a producing cause of damage, if any, to Trevor Gilbert and Jorja Gilbert.

"Producing cause" or "Proximate cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.[6]

"Unconscionable action or course of action" means an act or practice which to a consumer's detriment takes advantage of the lack of knowledge, ability, experience or capacity of the consumer to a grossly unfair degree.[7]

Answer "Yes" or "No" for each

Ahn ("Andy") Van Dang:      Answer: _____

Hong Bich Chau              Answer: _____

Chi Truc Hoang             Answer: _____


Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

---

                                        _____
                                        JUDGE PRESIDING

---

[6]PJC 102.7; *Ford Motor Co. v Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007); *Prudential Insurance Co. of America v Jefferson Associates, Ltd.* 896 S.W.2d 156, 161 (Tex. 1995)

[7]PJC 102.7; Tex Bus. & Comm. Code § 17.45(5).

-3-

308

If your answer to Question _____ was "Yes" for any party, then answer the following question. Otherwise, do not answer the following question.

## QUESTION _____

Did the parties named below engage in any such conduct knowingly *or* intentionally?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[8]

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, or actual awareness of the conduct constituting a failure to comply with a warranty, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally.[9]

In answering this question, consider only the conduct that you have found was a producing cause of damages to Trevor and Jorja Gilbert.

Answer "Yes" or "No" for each.

| | Knowingly: | Intentionally:[10] |
|---|---|---|
| Ahn "Andy" Van Dang: | Answer:_____ | Answer:_____ |
| Hong Bich Chau: | Answer:_____ | Answer:_____ |
| Chi Truc Hoang: | Answer:_____ | Answer:_____ |

Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____

_____
JUDGE PRESIDING

---

[8]PJC 102.21;Tex. Bus. & Com. Code §17.45(9)

[9] PJC 102.21; *See Spencer v. Eagle Star Insurance Co. of America*, 876 S.W.2d 154, 157 (Tex. 1994); *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex. 1980)."

[10]The difference between "knowledge" and "intent" is that under "intent" the defendant specifically intended that the consumer act in detrimental reliance. Compare DTPA § 17.45(9) with §17.45(13). A finding that the defendant acted knowingly allows discretionary trebling only of economic damages under the DTPA, whereas a finding of intentional conduct allows discretionary trebling of both economic and mental anguish damages. DTPA §17.50(b)(1). If both economic damages and mental anguish damages are sought, the consumer may choose to submit separate questions on the defendant's knowledge and intent, or a single question on intent.

-4-

## QUESTION NO. ____

Did any of the parties below commit fraud against Trevor Gilbert and Jorja Gilbert?

Fraud occurs when:

    a.     a party makes a misrepresentation of a material fact, and

    b.     the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

    c.     the misrepresentation is made with the intention that it should be acted on by the other party, and

    d.     the other party acts in reliance on the misrepresentation and thereby suffers injury.[11]

"Misrepresentation" means a false statement of fact.[12]

Answer "Yes" or "No" for each.

| | |
|---|---|
| Ahn "Andy" Van Dang | Answer: _____ |
| Hong Bich Chau | Answer: _____ |
| Chi Truc Hoang | Answer: _____ |

Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____

_____
JUDGE PRESIDING

---

[11] PJC105.1; PJC 105.2;*See Johnson v Brewer & Prhchard, P.C.,* 73 S.W.3d 193, 211 n.45 (Tex. 2002); *Formosa Plastics Corp. USA v Presidio Engineers & Contractors, Inc.,* , 960 S.W. 2d 41, 47 (Tex. 1998); *Oilwell Division, United States Steel Corp. v. Fryer,* 493 S.W. 2d 487, 491 (Tex. 1973)

[12] PJC 105.3A; *See Trenholm v Ratcliff,* 646 S.W.2d 927, 930 (Tex. 1983).

## QUESTION NO. __

Did any of the parties below commit statutory fraud against Trevor Gilbert and Jorja Gilbert?[13]

"Fraud" occurs when

 a. there is a false representation of a past or existing material fact;

 b. the false representation is made to a person for the purpose of inducing that person to enter into a contract; and

 c. false representation is relied upon by that person in entering into that contract.[14]

Answer "Yes" or "No" for each:

Ahn "Andy" Van Dang  Answer: _____

Hong Bich Chau   Answer: _____

Chi Truc Hoang   Answer: _____

        _____

        JUDGE PRESIDING

---

[13]PJC 105.7

[14]PJC 105.8

-6-

**311**

If you unanimously answered "Yes" to Question _____, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. _____

Did any of the following parties have actual awareness of the falsity of the representation you found to be fraud in Question _____?

Actual awareness may be inferred where objective manifestations indicated a person acted with actual awareness.[15]

Answer "Yes" or "No" for each.

Ahn "Andy" Van Dang        Answer: _____
Hong Bich Chau            Answer: _____
Chi Truc Hoang           Answer: _____


JUDGE PRESIDING

---

[15]PJC 105.11

312

If you have answered Question ___ or Question ___ or Question ___ "Yes," then answer the following question. Otherwise, do not answer the following question.

## QUESTION ___

Was Ahn " Andy" Van Dang part of a conspiracy that damaged Trevor and Jorja Gilbert?

To be part of a conspiracy Ahn Van Dang and another person or persons must have had actual knowledge of and agreed to, and intended to have a common objective or course of action that resulted in damages to Trevor and Jorja Gilbert. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.[16]

Answer Yes or No

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[16]PJC 109.1

313

—8—

If you have answered Question ___ or Question __ or Question ___ "Yes," then answer the following question. Otherwise, do not answer the following question.

QUESTION __

Was Hong Bich Chau part of a conspiracy that damaged Trevor and Jorja Gilbert?

To be part of a conspiracy Hong Bich Chau and another person or persons must have had actual knowledge of and agreed to, and intended to have a common objective or course of action that resulted in damages to Trevor and Jorja Gilbert. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.[17]

Answer Yes or No

Answer: _____

Granted: _____

Refused: _____

Modified as Follows: _____ and Given.

Exception Allowed: _____.

_____
JUDGE PRESIDING

---

[17]PJC109.1

If you have answered Question __ or Question __ or Question ___ "Yes," then answer the following question. Otherwise, do not answer the following question.

QUESTION __

Was Chi Truc Hoang part of a conspiracy that damaged Trevor and Jorja Gilbert?

To be part of a conspiracy Chi Truc Hoang and another person or persons must have had actual knowledge of and agreed to, and intended to have a common objective or course of action that resulted in damages to Trevor and Jorja Gilbert. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.[18]

Answer Yes or No

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

JUDGE PRESIDING

---

[18]PJC 109.1

QUESTION NO. _____

Did Jorja Gilbert waive her claims against Chi Truc Hoang?

"Waiver" means an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.[19]

Answer "Yes" or "No."

Answer: _____

20

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[19]PJC 101.24; *United States Fidelity & Guaranty Co. v Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971); *See also Gage v Langford*, 582 S.W. 2d 203, 207 (Tex. Civ. App.-Eatland 1979, writ ref'd n.r.e.)

316

-11-

## QUESTION ___

Did Trevor Gilbert waive his claims against Chi Truc Hoang?

"Waiver" means an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.[21]

Answer "Yes" or "No."

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[21]PJC 101.24; *United States Fidelity & Guaranty Co. v Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971); *See also Gage v Langford*, 582 S.W. 2d 203, 207 (Tex. Civ. App.-Eatland 1979, writ ref'd n.r.e.)

317

## QUESTION NO. _____

Did Trevor Gilbert, Jorga Gilbert and Hong Bich Chau agree to hold Chi Truc Hoang harmless in the Acceptance of Title and Closing Agreement?[22]

Answer "Yes" or "No" for each.

Jorga Gilbert          Answer:_____

Trevor Gilbert          Answer:_____

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

## QUESTION NO. _____

      Did Trevor Gilbert and Jorga Gilbert fail to comply with the agreement to hold Chi Truc Hoang harmless in the Acceptance of Title and Closing Agreement?[23]

Answer "Yes" or "No" for each:

Jorga Gilbert         Answer:_____

Trevor Gilbert      Answer:_____


Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[23]PJC101.1

## QUESTION ___

Did Chi Truc Hoang substantially rely to her detriment on the promise to hold her harmless by Trevor Gilbert and Jorja Gilbert as set forth in the Acceptance of Title and Closing Agreement, if any, ans was this reliance foreseeable by Trevor Gilbert and Jorga Gilbert.[24]

Answer Yes or No for each:

Jorga Gilbert        Answer:_____

Trevor Gilbert      Answer:_____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[24]PJC101.41

If you answered "Yes" to Question ____, or Question ___, or Question ____, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO.

What sum of money of money, if any, if paid now in cash would fairly and reasonably compensate Trevor Gilbert and Jorja Gilbert for their damages, if any that resulted from the conduct of Ahn "Andy"Van Dang?[25]

Consider the following elements of damages, if any, and none other.

"Economic damage" means compensatory damages of pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.[26]

Do not include in your answer any amount that you find Trevor Gilbert and/or Trevor Gilbert could have avoided by the exercise of reasonable care.[27]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any

The reasonable and necessary cost to repair Trevor and Jorja Gilbert's home, if any:

Answer: _____

Trevor Gilbert's mental anguish, if any, in the past

Answer: _____

Trevor Gilbert's mental anguish, if any, that, in reasonable probability, he will sustain in the future

Answer: _____

Jorja Gilbert's mental anguish, if any, in the past

Answer: _____

---

[25]PJC 115.9; 115.10

[26]PJC 115.10; Tex. bus. & Comm. code § 17.45(11).

[27]PJC 101.41

Jorja Gilbert's mental anguish, if any, that, in reasonable probability, she will sustain in the future

Answer: _____

Granted: _____

Refused: _____

Modified as Follows: _____ and Given.

Exception Allowed: _____

_____
JUDGE PRESIDING

-17-

322

If you answered "Yes" to Questions __, Question __, and Question ___ for more than one of those named below, then answer the following question. Otherwise do not answer the following question.

## QUESTION NO.____

Assign percentages of responsibility only to those you found caused or contributed to cause the damages and harm. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.[28]

For each person you found caused or contributed to cause the harm or damages to Trevor Gilbert, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| 1. | Hong Bich Chau | _____% |
| 2. | Ahn "Andy" Van Dang | _____% |
| 3. | Trevor Gilbert | _____% |
| 4. | Jorja Gilbert | _____% |
| 5. | Imeldia Adams | _____% |
| 6. | Michael Nguyen | _____% |
| 7. | Chi Truc Hoang | _____% |

For each person you found caused or contributed to cause the harm or damages to Jorja Gilbert, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| 1. | Hong Bich Chau | _____% |
| 2. | Ahn "Andy" Van Dang | _____% |
| 3. | Trevor Gilbert | _____% |
| 4. | Jorja Gilbert | _____% |
| 5. | Imeldia Adams | _____% |
| 6. | Michael Nguyen | _____% |
| 7. | Chi Truc Hoang | _____% |

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

_____

[28]PJC115.36

-18-

323

If you answered "Yes" to Question _____, or Question _____, or Question _____, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO.

What sum of money of money, if any, if paid now in cash would fairly and reasonably compensate Trevor Gilbert and Jorja Gilbert for their damages, if any that resulted from the conduct of Hong Bich Chau?

Consider the following elements of damages, if any, and none other.

"Economic damage" means compensatory damages of pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.[29]

Do not include in your answer any amount that you find Trevor Gilbert and/or Trevor Gilbert could have avoided by the exercise of reasonable care.[30]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any

The reasonable and necessary cost to repair Trevor and Jorja Gilbert's home, if any:

Answer: _____

Trevor Gilbert's mental anguish, if any, in the past.

Answer: _____

Trevor Gilbert's mental anguish, if any, that, in reasonable probability, he will sustain in the future

Answer: _____

Jorja Gilbert's mental anguish, if any, in the past

Answer: _____

---

[29]PJC 115.9; 115.10; Tex. bus. & Comm. code § 17.45(11)

[30]PJC 101.41

-19-

324

Jorja Gilbert's mental anguish, if any, that, in reasonable probability, she will sustain in the future

Answer: _____

Granted: _____

Refused: _____

Modified as Follows: _____ and Given.

Exception Allowed: _____

_____
JUDGE PRESIDING

-20-

If you answered "Yes" to Questions __, Question __, and Question ___for more than one of those named below, then answer the following question. Otherwise do not answer the following question.

## QUESTION NO.____

Assign percentages of responsibility only to those you found caused or contributed to cause the damages and harm. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.[31]

For each person you found caused or contributed to cause the harm or damages to Trevor Gilbert, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| 1. | Hong Bich Chau | _____% |
| 2. | Ahn "Andy"Van Dang | _____% |
| 3. | Trevor Gilbert | _____% |
| 4. | Jorja Gilbert | _____% |
| 5. | Imeldia Adams | _____% |
| 6. | Michael Nguyen | _____% |
| 7. | Chi Truc Hoang | _____% |
| 8. | Clay Collins | _____% |

For each person you found caused or contributed to cause the harm or damages to Jorja Gilbert, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| 1. | Hong Bich Chau | _____% |
| 2. | Ahn "Andy" Van Dang | _____% |
| 3. | Trevor Gilbert | _____% |
| 4. | Jorja Gilbert | _____% |
| 5. | Imeldia Adams | _____% |
| 6. | Michael Nguyen | _____% |
| 7. | Chi Truc Hoang | _____% |

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

[31]PJC 115.36

-21-

If you answered "Yes" to Question ____, or Question ____, or Question ____, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO.

What sum of money of money, if any, if paid now in cash would fairly and reasonably compensate Trevor Gilbert and Jorja Gilbert for their damages, if any that resulted from the conduct of Chi Truc Hoang?

Consider the following elements of damages, if any, and none other.

"Economic damage" means compensatory damages of pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.[32]

Do not include in your answer any amount that you find Trevor Gilbert and/or Trevor Gilbert could have avoided by the exercise of reasonable care.[33]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any

The reasonable and necessary cost to repair Trevor and Jorja Gilbert's home, if any:

Answer: _____

Trevor Gilbert's mental anguish, if any, in the past

Answer: _____

Trevor Gilbert's mental anguish, if any, that, in reasonable probability, he will sustain in the future

Answer: _____

Jorja Gilbert's mental anguish, if any, in the past

Answer: _____

---

[32]PJC 115.9; 115.10; Tex. bus. & Comm. code § 17.45(11).

[33]PJC101.41.

-22-

Jorja Gilbert's mental anguish, if any, that, in reasonable probability, she will sustain in the future

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

If you answered "Yes" to Questions __, Question __, and Question __ for more than one of those named below, then answer the following question. Otherwise do not answer the following question.

### QUESTION NO.____

Assign percentages of responsibility only to those you found caused or contributed to cause the damages and harm. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.[34]

For each person you found caused or contributed to cause the harm or damages to Trevor Gilbert, find the percentage of responsibility attributable to each:

|  |  |  |
|---|---|---|
| 1. | Hong Bich Chau | _____ % |
| 2. | Ahn "Andy" Van Dang | _____ % |
| 3. | Trevor Gilbert | _____ % |
| 4. | Jorja Gilbert | _____ % |
| 5. | Imeldia Adams | _____ % |
| 6. | Michael Nguyen | _____ % |
| 7. | Chi Truc Hoang | _____ % |

For each person you found caused or contributed to cause the harm or damages to Jorja Gilbert, find the percentage of responsibility attributable to each:

|  |  |  |
|---|---|---|
| 1. | Hong Bich Chau | _____ % |
| 2. | Ahn "Andy" Van Dang | _____ % |
| 3. | Trevor Gilbert | _____ % |
| 4. | Jorja Gilbert | _____ % |
| 5. | Imeldia Adams | _____ % |
| 6. | Michael Nguyen | _____ % |
| 7. | Chi Truc Hoang | _____ % |

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[34] 115.36

-24-

If you answered "Yes" then answer the following question. Otherwise do not answer the following question.

## QUESTION NO. _____

What sum of money, if any, if paid not in cash would fairly and reasonably compensate Chi Truc Hoang for her damages, if any, that resulted from Trevor Gilbert's and Jorga Gilbert's failure to comply?[35]

Consider the following elements, if any, of the following:

Amount of damages, if any, awarded against Chi Truc Honag in Question ___ and Question_____

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a. Trevor Gilbert

Answer:_____

b. Jorja Gilbert

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[35]PJC 115.3

-25-

## QUESTION ___

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Chi Truc Hoang for her damages, if any, that resulted from her reliance on the promise[36] by the following

Consider the following elements, if any, of the following:

Amount of damages, if any, awarded against Chi Truc Honag in Question ___ and Question_____

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.     Trevor Gilbert

Answer:_____

b.     Jorja Gilbert

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[36]PJC 110.5

## QUESTION _____

What is a reasonable fee for the necessary services of Chi Truc Hoang's attorney in this case, stated in dollars and cents?[37]

Answer in Dollars and Cents, If any:

a.    For preparation and representation in the trial court

Answer: _____

b.    For representation through appeal to the Court of Appeals

Answer: _____

c.    For representation at the petition for review stage in the Supreme Court of Texas

Answer: _____

d.    For representation at the merits briefing state in the Supreme Court of Texas

Answer: _____

e.    For representation through oral argument and completion of the proceedings in the Supreme Court of Texas.

Answer: _____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

---

[37]PJC 115.47

-27-

Answer the following question only if you answered "Yes to Question ___ as to Hong Bich Chau. Otherwise, do not answer the following question.

To Answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. _____

Do you find by clear and convincing evidence that the harm to Trevor Gilbert or Jorja Gilbert resulted from malice of Hong Bich Chau?[38]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice means—

1.    A specific intent by Hong Bich Chau to cause substantial injury to Trevor Gilbert and Jorja Gilbert

2.    An act omission by Hong Bich Chau

     a.    which when viewed objectively from the standpoint of Hong Bich Chau at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

     b.    of which Hong Bich Chau has actual, subjective awareness of the risk involved, but nevertheless proceeds with conccious indifference to the rights, safety or welfare of others.


Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____


_____
JUDGE PRESIDING


---

[38]PJC 115.39A

-28-

333

Answer the following question only if you answered "Yes to Question ___ as to Anh "Andy" Van Dang Otherwise, do not answer the following question.

To Answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. _____

Do you find by clear and convincing evidence that the harm to Trevor Gilbert or Jorja Gilbert resulted from malice of Anh "Andy" Van Dang?[39]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice means—

1.　　A specific intent by Anh "Andy" Van Dang to cause substantial injury to Trevor Gilbert and Jorja Gilbert

2.　　An act omission by Ahn "Andy" Van Dang

　　a.　　which when viewed objectively from the standpoint of Ahn "Andy" Van Dang at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

　　b.　　of which Ahn "Andy" Van Dang has actual, subjective awareness of the risk involved, but nevertheless proceeds with conccious indifference to the rights, safety or welfare of others.

Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____

_____
JUDGE PRESIDING

---

[39]PJC 115.39A

-29-

334

Answer the following question only if you answered "Yes to Question ___ as to Chi Truc Hoang. Otherwise, do not answer the following question.

To Answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. _____

Do you find by clear and convincing evidence that the harm to Trevor Gilbert or Jorja Gilbert resulted from malice of Chi Truc Hoang[40]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice means—

1.  A specific intent by Chi Truc Hoang to cause substantial injury to Trevor Gilbert and Jorja Gilbert

2.  An act omission by Chi Truc Hoang

    a.  which when viewed objectively from the standpoint of Chi Truc Hoang at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

    b.  of which Chi Truc Hoang has actual, subjective awareness of the risk involved, but nevertheless proceeds with conccious indifference to the rights, safety or welfare of others.

Granted:_____
Refused:_____
Modified as Follows:_____ and Given.
Exception Allowed:_____

_____
JUDGE PRESIDING

---

[40]PJC 115.39A

-30-

**PROPOSED QUESTIONS ON EXEMPLARY DAMAGES IF
COMPENSATORY DAMAGES ARE PROVED AND PLAINTIFFS ARE ENTITLED
TO TRIAL ON THESE ISSUES**

Answer the following question regarding a defendant only if you have unanimously answered "Yes" to Question ___ regarding that Defendant. Otherwise do not answer the following question regarding that Defendant.

You must unanimously agree on the amount of any award of exemplary damages.

## QUESTION NO. ___

What sum of money if any, if paid in cash should be assessed against Hong Bich Chau and awarded to Trevor Gilbert and Jorja Gilbert as exemplary damages, if any, for the conduct found in response to Question _____?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are _____

1. The nature of the wrong

2. The character of the conduct involved

3. The degree of culpability of Hong Bich Chau

4. The situation and sensibilities of the parties concerned

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of Hong Bich Chau.

Answer in dollars and cents, if any.

_____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

-32-

337

Answer the following question regarding a defendant only if you have unanimously answered "Yes" to Question ___ regarding that Defendant. Otherwise do not answer the following question regarding that Defendant.

You must unanimously agree on the amount of any award of exemplary damages.

## QUESTION NO. ___

What sum of money if any, if paid in cash should be assessed against Ahn "Andy" Van Dang and awarded to Trevor Gilbert and Jorja Gilbert as exemplary damages, if any, for the conduct found in response to Question ___?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are ___

1.    The nature of the wrong

2.    The character of the conduct involved

3.    The degree of culpability of Ahn "Andy" Van Dang

4.    The situation and sensibilities of the parties concerned

5.    The extent to which such conduct offends a public sense of justice and propriety.

6.    The net worth of Ahn "Andy" Van Dang.

Answer in dollars and cents, if any.

_____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

-33-

338

Answer the following question regarding a defendant only if you have unanimously answered "Yes" to Question____ regarding that Defendant. Otherwise do not answer the following question regarding that Defendant.

You must unanimously agree on the amount of any award of exemplary damages.

## QUESTION NO. ___

What sum of money if any, if paid in cash should be assessed against the Chi Truc Hoang and awarded to Trevor Gilbert and Jorja Gilbert as exemplary damages, if any, for the conduct found in response to Question ____?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are ____

1.    The nature of the wrong

2.    The character of the conduct involved

3.    The degree of culpability of Chi Truc Hoang

4.    The situation and sensibilities of the parties concerned

5.    The extent to which such conduct offends a public sense of justice and propriety.

6.    The net worth of Chi Truc Hoang

Answer in dollars and cents, if any.

_____

Granted:_____

Refused:_____

Modified as Follows:_____ and Given.

Exception Allowed:_____

_____
JUDGE PRESIDING

# TAB NO. 7

11/25/2014 3:05:01 PM
Chris Daniel · District Clerk Harris County
Envelope No. 3298897
By: DANIELLE JIMENEZ
Filed: 11/25/2014 3:05:01 PM

## 2011-58137A / Court: 334

### NO. 2011-58137

| | | |
|---|---|---|
| TREVOR GILBERT AND | § | IN THE DISTRICT COURT OF |
| JORJA GILBERT | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| HONG BICH CHAU, ET AL | § | 334TH JUDICIAL DISTRICT |

### PLAINTIFFS' MOTION FOR JUDGMENT NON OBSTANTE VERDICTO

This is Trevor and Jorga Gilbert's (collectively, "the Gilberts" or "Plaintiffs") Motion for Judgment Non Obstante Verdicto (JNOV) as to Defendant Chi Truc Hoang's ("Defendant Hoang") award of attorney's fees.

### I.
### FACTS

1. Plaintiffs sued Defendant Hoang for violations of the Deceptive Trade Practices Act, fraud, statutory fraud, and civil conspiracy.

2. Defendant Hoang answered and raised defenses of failure to mitigate damages, assumption of the risk, release and waiver, but also brought a counterclaim for breach of contract, promissory estoppel at common law and sought declaratory relief. All these defenses and the counterclaim were based upon **one sentence in a document prepared by the title company entitled "Acceptance of Title and Closing Agreements."** The sentence recited hold harmless language, and although was signed by the Gilberts and the seller/defendants, Ahn Van Dan and Hong Bich Chau (collectively "Chau Defendants") at the closing of the real estate transaction, it was not signed or authorized by the third party realtors or their supervising brokers.

Page 1 of 11

434

3. On November 20, 2014, a jury awarded to the Gilberts what can only be deemed a large verdict against the Chau Defendants for $1,384,000 for knowingly and intentionally violating the DTPA, and for common law fraud, and statutory fraud. However, the jury did not find the listing/selling realtor of the Chau Defendants (Hoang) liable under any of the Gilberts' causes of action. The jury further answered "Yes" to whether the Gilberts failed to comply with an agreement to release and hold the realtors and their brokers, including Defendant Hoang, harmless. The jury also determined that $230,000.00 was a reasonable fee for necessary legal services of Hoang's attorney.

4. The Gilberts now move the Court for a judgment notwithstanding the verdict regarding the recoverability of attorney's fees of the Hoang's lawyer, as there was never any claim for recovery of (nor did she disclose or prove) any *damages* as a result of the Gilberts' alleged breach of contract. Additionally, there was no evidence of consideration to the Gilberts for their promise. Further, Hoang's Counsel did not properly allocate her attorney's fees between the time spent defending against the Gilberts' claims and that incurred for the counterclaim. Finally, Hoang cannot use a declaratory judgment solely as a vehicle to recover attorney's fees.

435

## II.
## DEFENDANT HOANG DID NOT SEEK – NOR RECOVER – DAMAGES

5. To obtain an award of attorney's fees under Section 38.001 of the Civil Practice and Remedies Code, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex.1995); See also *Rodgers v. RAB Investments, Ltd.*, 816 S.W.2d 543, 551 (Tex.App. – Dallas 1991, no writ). **A party must satisfy the two requirements to recover attorney's fees.** See *State* at 437.

6. Here, Defendant Hoang presented neither pleadings nor a shred of evidence upon which she might have independently recovered actual damages as a result of any breach of contract by the Gilberts. Likewise (and due to the lack of pleading and proof), the jury did not award any actual or even "nominal" damages to Hoang. In her Fourth Amended Answer and Counterclaim, Hoang filed a counterclaim for breach of contract, promissory estoppel, and plead for a declaratory judgment based on one sentence in the Acceptance Title and Closing Document. In this claim, Defendant Hoang claimed, "As a result of the Counter-Defendants breach of their hold harmless agreement, Counter-Plaintiff has been damaged in an amount of not less than $50,000.00." This is the only time Hoang ever mentioned any damages suffered, and despite this, she proved-up no specific instance of harm caused by the Plaintiffs' alleged breach, and she made no claim for actual damages whatsoever.

7. Throughout the entire three year litigation Hoang failed to plead or prove any specific damage she suffered as a result of the alleged breach of contract. Although she served six (6) separate sets of disclosures, Hoang never set forth any damages she suffered or incurred

436

caused by or even due to Gilberts' alleged breach of contract, nor did she ever disclose any specific monetary value of such damages. Hoang only pled recovery of reasonable and necessary attorney's fees. Additionally, throughout trial Hoang presented no testimonial or documentary evidence of how, and by what amount, the alleged breach damaged her. Again, the only evidence of a dollar amount of anything that was presented was of attorney's fees allegedly incurred.

8.  In *Green Intern., Inc. v. Solis*, although the jury found that Solis failed to comply with the Woodville Subcontract, the jury awarded zero damages to Green for this breach. Because Green failed to recover damages on its breach of contract claim, Green was not entitled to recover attorney's fees under Section 38.001. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997).

9.  Hoang did not even present evidence of nominal damages from which to attach an award of attorney's fees. The law requires a counter-plaintiff to recover some damages in order to be awarded attorney's fees. "If the law were otherwise, it would follow that it is available for virtually every debtor, being sued for the nonpayment of a contractual obligation to pay, to file a 'counterclaim' asserting that he has sustained a 'loss' in the amount being sued for by his creditor, and if the debtor is successful in defeating any part of the claim, he is entitled to attorney's fees as an adjunct to his counterclaim." *ITT Commercial Fin. Corp. v. Riehn*, 796 S.W.2d 248, 256 (Tex.App. – Dallas 1990, no writ).

10. In summary, because Defendant Hoang did not present evidence of damages resulting from her breach of contract claim, Section 38.001 of the Texas Civil Practices and Remedies Code;, does not allow recovery of attorney's fees.

Page 4 of 11

437

## III.
## NO CONSIDERATION BETWEEN THE GILBERTS AND DEFENDANT HOANG

11. To prove an action for breach of contract, a plaintiff must establish the existence of an enforceable contract. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The elements of an enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent it become mutual and binding on both parties; and (6) consideration. *Id.* Generally, a contract must be supported by consideration to be enforceable. *McCLernon v. Dynegy, Inc.*, 347 S.W. 315, 335 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (citing *Alex Shushunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 659 (Tex.2006)). Consideration consists of either a benefit to the promisor or a detriment to the promise. See *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex.1991). It is a present exchange bargained for in return for a promise. *Id.* It may consist of some right, interest, or profit, or benefit that accrues to one party, or, alternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 280 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Westergren v. National Property Holdings, L.P.*, 409 S.W.3d 110, 130 (Tex.App.-Houston [14th Dist.], 2013). But the bottom line is that there must be some consideration.

12. Here, there was no evidence presented at trial (or any stage of litigation) which established consideration passing from the Plaintiffs to the Defendant Hoang. Additionally, there is no evidence of an offer, acceptance, or a meeting of the minds. The Gilberts merely signed the

Acceptance of Title and Closing Document concerning the Chau Defendants only. Hoang never signed the document, nor was she a party to it.

13. The Acceptance Agreement stated: "The undersigned Purchasers acknowledge that neither the Real Estate Agent(s), or Broker(s) or FIDELITY NATIONAL TITLE INSURANCE COMPANY have made any warranties or representations as to the condition of the above referenced property, or as to the requirements of the parties under their contract of sale, and accordingly, the undersigned Purchasers release and hold them harmless from any and all liability in regard to the same." **See Exhibit A.** Hoang based her breach of contract claim on this boilerplate language which did not specifically name the sellers' realtor, Chi Truc Hoang, in a contract for which Defendant Hoang was not a party, *and* gave no consideration.

14. Additionally, even if Hoang had been a party to this agreement, and there was proper consideration for the Gilberts' promise, this clause was a contract of adhesion. That is, the Gilberts were required to execute this document in order to purchase the home. Texas law defines an adhesion contract as a contract in which one party has absolutely no bargaining power or ability to change the contract terms. See *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 370-71 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). Here, the Plaintiffs had no opportunity to negotiate this provision, or negotiate an alternative one. This language was placed in the middle of literally hundreds of pages of legal documents, and not pointed out to the Gilberts. The Gilberts cannot be held liable for signing such an agreement which was not discussed nor negotiated between *any* parties at closing – least of all, the Plaintiffs or Defendant Hoang.

Page 6 of 11

439

15. As a matter of law, the Plaintiffs cannot be held liable for filing suit against Defendant Hoang for violations of the DTPA and fraud, which may have violated such a contract of adhesion.

## IV.
## COUNSEL FOR HOANG FAILED TO ALLOCATE FEES

16. The general rule is that attorney's fees must be segregated between those services rendered for prosecuting a suit, and fees for services rendered in defense of a claim against a defendant. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 180 (Tex.1981). One claiming attorney's fees has the burden of proof to segregate those recoverable from an opponent from those which are not. *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 416-17 (Tex.App.-Amarillo 2003, pet. denied); *Hruska v. First State Bank*, 747 S.W.2d 783, 785 (Tex. 1988).

17. For the Defendant Hoang to recover attorney's fees, she must distinguish between the fees incurred while defending against the Plaintiffs' claims of fraud and violations of the DTPA from those incurred in pursuing her claim for breach of contract. Defendant Hoang did not allocate or otherwise segregate her fees in this regard. The law requires her to introduce evidence to show what portion of the attorney's fees was applicable to the counterclaim for breach of contract. Instead, she submitted to the jury, one lump sum, commingling all fees incurred for the defense of the Gilberts' claims, and the breach of contract/counterclaim cause of action. There was no evidence by which the jury could apportion the attorney's fees between the defense and the prosecution of the counterclaim.

18. As a matter of fact, Hoang did not file her counterclaims for breach of contract and

440

promissory estoppel until March 1, 2013. Clearly, all fees incurred prior to this date go towards **defending against the Plaintiffs' claims of fraud and violations of the DTPA.** Thus, even if the Court were to take over the jury's fact-finding duties at this point in the case (which would be improper), all fees incurred prior to March 1, 2013 would not be recoverable.

19. If Hoang *could* recover attorney's fees (despite the fact that she did not present evidence of damages for the alleged breach of contract), she cannot be awarded the amount found by the jury because she failed to distinguish which fees are actually recoverable in prosecution of the counterclaim.

## V.
## HOANG'S DECLARATORY JUDGMENT SOUGHT NO AFFRIMATIVE RELIEF

20. A declaratory judgment is not appropriate when a controversy is already pending, and the declaratory judgment simply answers the claims and asks for no relief outside the scope of the main suit. *Univ. of Tex. v. Ables*, 914 S.W.2d 712, 717 (Tex.App. – Austin 1996, writ denied); *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638 (Tex.App. – Austin 1992, write denied); see also *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990); Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985); *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229, 235 (Tex. App. – Dallas 1988, writ denied); *John Chezik Buick v. Friendly Chevrolet*, 749 S.W.2d 591, 594 (Tex.App. – Dallas 1988, writ denied.). A declaratory judgment cannot be used solely as a vehicle for attorney's fees. See, e.g., *Ables*, 914 S.W.2d at 717; HECI, 843 S.W.2d at 638. This is the general rule which applies when a defendant files a declaratory-judgment counterclaim that presents no new issues except to

441

recover attorney's fees. *Falls County v. Perkins*, 798 S.W.2d 868, 871 (Tex.App.-Fort Worth 1990, no writ). The counter-plaintiff must make an independent claim for affirmative relief. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840-41 (Tex.1990). To state a claim for affirmative relief, a defensive pleading must assert a cause of action independent of the claims already asserted by the plaintiff, i.e., the defendant could recover benefits, compensation, or relief, even if the plaintiff abandoned its cause of action. *Id.* For example, in suits asserting breaches of contracts or deeds, where declaratory counterclaims seeking construction of such instruments may constitute claims for affirmative relief because, in contrast to a "one-time occurrence" giving rise to the plaintiff's suit, they concern the parties' ongoing and future relationship. *Id.*

21. Hoang did not seek any affirmative relief for her claim of breach of contract for which she basis her declaratory judgment. She has not made a claim to recover benefits, nor does she seek compensation or relief from the alleged breach. There is nothing in the language of this clause that concerns any on-going relationship between the Plaintiffs and Hoang. In fact, Hoang is not even a party to the agreement in the first place. This is boilerplate language which does not specifically name the defendant.

22. In filing for a declaratory judgment on her breach of contract claim, the Defendant Hoang is requesting just that: a declaration that the Plaintiffs breached their contract. There are no damages sought. As stated previously, Defendant Hoang did not present any evidence of damages attributable to this alleged breach, and the jury did not find any such damages.

23. While the jury did find that the Plaintiffs breached the clause to release and hold harmless the Defendant Hoang - and may be entitled to a judgment on this basis – this declaratory

Page 9 of 11

442

judgment cannot be used as a vehicle for the Defendant Hoang to recover attorney's fees in the absence of claimed or proven damages.

## VI.
## CONCLUSION

24. Hoang cannot collect a judgment for any award of attorney's fees the jury may have found "reasonable." Hoang did not recover any damages from her breach of contract claim; produced no evidence of consideration for the Gilberts' promise to hold harmless unnamed realtors; did not properly allocate her attorney's fees; and she cannot use a declaratory judgment solely as a vehicle to recover attorney's fees.

25. Plaintiffs respectively move the Court for a JNOV regarding any possible award of attorney's fees, and request the Court Order the Defendant Hoang to take nothing against the Gilberts.

Respectfully submitted,

Dana A. LeJune
SBN: 12188250
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713-942-9898 (Main)
713-942-9899 (Fax)
dlejune@triallawyers.net (Email)
**ATTORNEY FOR PLAINTIFFS**
**TREVOR AND JORJA GILBERT**

Page 10 of 11

443

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded on this the 25th day of November, 2014, to all counsel of record, pursuant to the Texas Rules of Civil Procedure, to all attorneys of record.

_____
Dana A. LeJune

# TAB NO. 8

NO. 2011 58137A

| | |
|---|---|
| TREVOR GILBERT AND JORJA GILBERT § | IN THE DISTRICT COURT |
| Plaintiffs § | |
| § | |
| vs. § | OF HARRIS COUNTY, TEXAS |
| § | |
| HONG BICH CHAU, ET AL § | |
| Defendant § | 334TH JUDICIAL DISTRICT |

## DEFENDANT AND COUNTER-PLAINTIFF CHI TRUC HOANG'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AND RESPONSE TO PLAINTIFFS' AND COUNTER-DEFENDANTS' <u>MOTION FOR JUDGMENT NON OBSTANTE VERDICTO</u>

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Defendant and Counter-Plaintiff **Chi Truc Hoang** ("Hoang") and files this supplemental brief in support of her pending Motion for Entry of Judgment ("Judgment Motion") and in support of her response to Plaintiffs; Trevor and Jorja Gilbert's ("Plaintiffs") pending Motion for Judgment Non-Obstane Verdicto ("NOV"). In support of her motion for entry of judgment and in further response and opposition to Plaintiffs' JNOV, Hoang respectfully shows the court as follows:

### BACKGROUND

1.      Plaintiff brought claims against Hoang for violations under the Texas Deceptive Trade Practice Act, for fraud, statutory fraud and conspiracy to commit fraud.

2.      Hoang brought counter-claims against Plaintiffs for damages and attorney fees under the Texas Declaratory Judgment Act and for breach of contract based upon the hold harmless agreement in the Acceptance of Title and Closing Agreements (the "Acceptance Agreement"). The Acceptance Agreement was signed by Plaintiffs specifically to hold Defendants harmless from the exact type of frivilous claims that were alleged against Hoang by Plaintiffs.

484

3.    After 7 full days of trial, the case was submitted to the jury. The Court submitted Hoang's questions as to whether Plaintiffs' breached the Acceptance Agreement.

4.    Hoang specifically requested a specific damage question, but the Court refused the submission stating that since the only damages were in the nature of attorneys fees, the question on Hoang's attorneys fees was sufficient.

5.    The jury subsequently rendered its verdict. A true and correct copy of the Jury Verdict is attached hereto as Exhibit "A".

6.    The Jury specifically found that:

   a.    Hoang did not engage in any false, misleading or deceptive act or practice that Plaintiffs relied upon to their detriment and that was a producing cause of damage to them; and

   b.    Hoang did not engage in any unconscionable action or course of action that was a producing cause to Plaintiffs; and

   c.    Hoang did not commit fraud against Plaintiffs; and

   d.    Hoang did not commit statutory fraud against Plaintiff; and

   e.    Hoang was not part of a conspiracy to commit fraud;

7.    The Jury specifically found that Plaintiff filed to comply with release and hold harmless agreement. This jury question was predicated upon no findings on any type of wrong-doing by Hoang. Since Hoang did not engage in any wrong doing and the jury expressly found such, the express negligence doctrine does not apply to the hold harmless agreement.

8.    The jury also found that a reasonable fee necessary for the services of Hoang's attorneys was $230,000.00.

9.    On November 25, 2014 Plaintiffs filed the JNOV.

10.    Hoang filed her Judgment Motion on November 26, 2014.

-2-

485

11. After an initial hearing on both Motions, this Court requested additional briefing on 1) what would constitute "fair and equitable" under the Texas Declaratory Judgment Act, 2) whether attorneys fees' can be damages for a breach of the hold harmless agreement, and 3) whether the hold harmless agreement needed to be conspicuous.

## ARGUMENTS & AUTHORITIES

**I. The Court has discretion to award Hoang her attorneys' fees under Tex. Civ. Prac. & Rem. Code Ann. §37.009**

**A. Awarding Hoang attorneys fees under §37.009 is equitable and just**

12. Under the Texas Declaratory Judgment Act ("the Declaratory Judgment Act"), a court may award costs and reasonable and necessary attorney's fees as which are equitable and just. Tex. Civ. Prac. & Rem. Code § 37.009. Under the Declaratory Judgment Act, the Court has the discretion to award attorneys fees. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998)

13. The Declaratory Judgment Act imposes four limitations on the Court's discretion:; 1) that the fees are reasonable; 2) that the fees are necessary; 3) that the fees are equitable and 4) that the fees are just. The first two limitations, reasonable and necessary are fact issues which should be decided by the trier of the fact and the second two limitations, fair and equitable are legal issues that are matters of law to be decided by the Court. *Ridge Oil Company, Inc. Vs Guinn Investments, Inc.;* 148 S.W.3d. 143, 161 (Tex. 2003); *Bocquet,* 972 S.W.2d at 21.

14. In the present case, the Court submitted the issue of reasonable and necessary to the jury to decide. The jury handed down a verdict that the reasonable and necessary attorneys fees for the services of Hoang's attorneys was $230,000. *See* Exhibit "A", Question 13 at p.16. Therefore, this Court must now decide if the attorneys fees being sought by Hoang are equitable and just.

15. Equitable and just are questions of law for the Court to decide. *Bocquet,* 972 S.W.2d at 21. Whether the fees are equitable and just depends, "not on direct proof, but on the concept of

-3-

fairness, in light of all the circumstances of the case." *Approach Resources I, L.P. v. Clayton*, 360 S.W.3d 632, 639-640 (Tex.App.–El Paso, 2012, no writ). *See also Ridge Oil Co.*, 148 S.W.3d at 162. The award of attorneys fees is within the sound discretion of the Court. *See Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 938 (Tex. App.–El Paso, 1994), citing *Cap Rock Elec. Co-op., Inc. v. Texas Utilities Elec. Co.*, 874 S.W.2d 92, 101 (Tex. App. – El Paso 1994) (an award of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal without a clear showing of abuse of discretion); *See also Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

16.     Awarding Hoang her attorneys fees in this case is equitable and just. The testimony solicited by the Plaintiffs' counsel was that Hoang's attorneys fees were equal or close to what he was asking the jury to award him in his case in chief.[1]   There was no great disparity in the amounts being sought by Hoang. The jury found the fees to be reasonable and necessary. As shown below, Hoang only incurred the fees because, despite having little or no evidence against Hoang, Plaintiffs had persisted in bringing the claims against her all the way through trial, despite executing the hold harmless agreement.

17.     Plaintiffs initiated the lawsuit against Hoang based upon frivilous claims of alleged fraud and statutory fraud.   Plaintiffs, through trial, had essentially no evidence to support their allegations. This was confirmed by the jury findings. See Ex. A. The only evidence presented by Plaintiffs against Hoang was the inconsistent testimony of a co-defendant Andy Dang, whom the jury found not credible. Plaintiffs admitted that there had been no representations or misrepresentations to them by Hoang, having never spoken to her except to exchange pleasantries at closing. No

---

[1]The jury awarded Plaintiff's attorney $205,000 for attorneys fees and appellate attorneys fees of $41,000 and $25,000 making a total award to Plaintiffs' attorney of $271,000. See Ex. A.

-4-

independent evidence of any of Plaintiffs allegations against Hoang existed, yet Plaintiffs forced her to defend herself for the better part of three (3) years against their unfounded allegations.

18. Moreover, Plaintiffs testified throughout the trial that they brought suit against at least two other parties, Grace Inspection Homes, Inc. and Michael Nguyen, whom they did not believe did anything wrong, but had insurance or were a source of funds for the lawsuit. Plaintiffs' own attorney admitted in his closing arguments that the jury should not hold his clients responsible for his advise to sue parties for the sole purpose that they had were sources of income, not because they were liable in any manner.

19. Plaintiffs, although they do not willingly admit it, sued Hoang for exactly the same reason. Plaintiffs sued Hoang in hopes of getting a judgment that they could then take against the Texas Real Estate Trust fund, not because they really believed that she misled them or had knowledge of any of the water damage. Plaintiffs' did not have any knowledge of anything that Hoang knew until several months into the case when Dang testified inconsistently that he did or didn't tell her about the water damage in his deposition. By this time, they had already sued Hoang. Hoang consistently took the position that she had no knowledge of any water damage and the jury founder her to be credible. Plaintiffs' and Plaintiffs' counsels' conduct of suing innocent people just to fund their lawsuit justifies the award of attorneys fees under the equitable and just standard.

20. Further, despite having executed and willingly entered into the Acceptance Agreement at closing which contained the release and hold harmless agreement, Plaintiffs persisted in bringing claims against Hoang. Plaintiffs' actions cost Hoang at least $230,000.00 in legal fees as the cost of defense.[2]

_____

[2]In fact, by bringing the JNOV, Plaintiffs are continuing to cost Hoang attorneys fees. Although the jury did not find any appellate fees, this Court can award the same under the same standards as set forth in this brief. Hoang should be entitled to additional attorneys fees of not

-5-

488

21. The jury, as the trier of fact, did not find Hoang guilty of any wrong doing. More importantly, the Jury through their answer affirmed that Plaintiffs not only agreed to hold Hoang harmless, but actually failed to do so. Awarding Hoang her attorneys' fees', based on the jury's fact findings, is "equitable and just." *See AVCO Corp., Textron Lycoming Reciprocating Engine Div. of AVCO Corp. v. Interstate Southwest, Ltd.,* 251 S.W.3d 632, 670 (Tex.App.–Houston [14 Dist.],2007).

## B. Hoang's Declaratory Judgment Action was Properly Pled

22. In the present case, Hoang brought an action under Tex. Civ. Prac. & Rem. Code §37.001 *et seq.*, seeking a declaration that Plaintiffs released Hoang under the hold harmless agreement in the Acceptance Agreement. The Declaratory Judgment action was not filed solely as a means to recover attorneys fees as Plaintiff argue. Only when a party brings a declaratory judgment action by way of a counterclaim or amended petition and the declaratory judgment involves only issues already raised by the original claim, does Plaintiffs' argument prevail. *See Adams v. First Nat'l Bank of Bells/Savoy,* 154 S.W.3d 859, 873 (Tex.App.-Dallas 2005, no pet.); *Flagship Hotel, Ltd.,* 117 S.W.3d 552, 556 (Tex. Civ. App-Texarkana 2003 writ denied). This was simply not the case in the present case.

23. Plaintiffs had brought claims against Hoang for violations of the Texas Trade Practices Act, fraud, statutory fraud and conspiracy to commit fraud. Hoang brought counterclaims for breach of contract, promissory estoppel and action under the declaratory judgment act seeking a declaration for interpretation of the Acceptance Agreement that Plaintiffs had released Hoang.

---

less than $25,000 for the post judgment appeals to the Court of appeals and $25,000 if a writ to the Supreme Court is applied for and $25,000 if such writ is granted.

Hoang's counterclaims under the Declaratory Judgment Act were distinct and separate from Plaintiffs' claims.

24. Any party may sue for the breach and seek a judicial determination of contractual rights. *Stark v. Benckenstein*, 156 S.W.3d 112, 116 (Tex.App.–Beaumont, 2004); *Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 767 (Tex.App.-El Paso 1993, writ denied). A release constitutes a contract. *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex.1997). Hoang was entitled to request a determination of questions of construction or validity arising under the Acceptance Agreement and to obtain a declaration of rights, status, or other legal relations thereunder. See Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a)(Vernon 1997); *Hartman*, 863 S.W.2d at 767.

25. Plaintiffs' arguments that Hoang's pleadings were insufficient is also improper. There is no particular type of pleading required for the Declaratory Judgments Act. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ denied). Moreover, pleadings under the Declaratory Judgment Act are to be liberally construed. *Frost v. Sun Oil Co.*, 560 S.W.2d 467, 473 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Defendant's Fifth Amended Answer and Counter-claim clearly articulated Hoang's claim for Declaratory Judgment and her rights to fees under Declaratory Judgment. See Fifth Amended Answer and Counter-claim, attached hereto as Exhibit "B". It is not necessary for a party moving for attorney's fees in a declaratory judgment action to specify the statutory authority for such an award in the motion, so long as the party pled for attorney's fees. *Purvis Oil*, 890 S.W2d at 939; *See also Cap Rock*, 874 S.W.2d at 102; *Housing Authority of the City of Harlingen v. Valdez*, 841 S.W.2d 860, 868 (Tex.App.—Corpus Christi 1992, writ denied); *District Judges of Collin County v. Commissioners Court of Collin County*, 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

-7-

26.    In *Purvis Oil*, Hillin pled for attorney's fees in its amended answer. Similarly, Hoang pled for attorneys fees under §37.009 in her pleadings. See Ex. B. Since it was properly plead, the Court has the discretion to award Hoang her attorneys' fees. *See Purvis Oil*, 890 S.W.2d at 939.

II.    **Hoang is Also Entitle to Attorneys Fees as Damages for Breach of the Hold Harmless Agreement**

27.    Although the Court can award the attorneys fees under §37.009, and does not need to reach the question as to whether Hoang is entitled to the $230,000 as damages under her breach of contract action, this Court requested briefing on the issue.

A.    **Damages in the Form of Attorneys Fees Are Proper under Hold Harmless Agreements**

1.    **Hoang Can Recover Attorneys Fees as Damages**

28.    Plaintiffs argue that Hoang cannot recover attorneys fees as damages under §38.001. However, Hoang disagrees that the attorneys' fees cannot be damages and does not necessarily seek them under §38.001. Hoang was seeking her damages for breach of a hold harmless agreement. As such, the only damages Hoang could have sustained was her cost of defending the lawsuit, i.e. her attorneys' fees which are recoverable under Texas law.

29.    Texas law is clear that an indemnitee may recover the expenses of litigating an indemnified claim if indemnity arises either under law or under a contract. *Monical & Powell, Inc. V Bechtel Corporation*, 404 S.W.2d 911, 914 (Tex. Civ. App-Eastland, 1966, writ ref'd n.r.e); *Kline v DAG Management, Inc.* 1995 WL500298 at 3 (Tex. App.-Dallas 1995, no writ); *Keystone Equity Management v Thorn*, 30 S.W.2d 339, 340 (Tex. App-Dallas, 1987, no writ). Unless the hold harmless contract protects Hoang from the attorneys fees and costs that she incurred, then she will be fully protected, indemnified and saved harmless. *Monical & Powell, Inc. V Bechtel Corporation*,

-8-

491

404 S.W.2d 911, 914 (Tex. Civ. App-Eastland, 1966, writ ref'd n.r.e); *T.J. Kline*, 404 S.W.2d at 914.

30.     In *T.J. Kline*, the indemnity contract provided that the appellants hold harmless the appellees from any and all losses and expenses out of, or in connection with injuries sustained or alleged to have been sustained by reason of performance of the work under the subcontract. *T.J. Kline*, 404 S.W.2d at 914. The Court held that the indemnitee may recover against the indemnitor for all reasonable expenses in settling the claim against the indemnitee. *T.J. Kline*, 404 S.W.2d at 914 *citing Ohio Oil Company v Smith*, 365 S.W.2d 621, 627 (Tex. 1963). In *Garcia v. Sky Climber, Inc.*, 470 S.W.2d 261, 269-70 (Tex. Civ. App.–Houston [1st Dist] 1971, writ ref'd), the Court held that attorney's fees and court costs are recoverable under general "hold harmless" indemnity agreements.

31.     Similarly in the present case, Plaintiffs under the Acceptance Agreement agreed to hold harmless Hoang from any claims brought regarding the condition of the property. Despite this agreement, Plaintiffs, brought such claims against Hoang themselves. Not only is it equitable and just to award Hoang her attorneys fees under §37.009, Hoang would be entitled to recover her costs and expenses under the hold harmless agreement which the jury found that Plaintiffs breached. *See* Ex. A. *See T.J. Kline*, 404 S.W.2d at 914. *See also Crimson Exploration, Inc., v. Intermarket Management, LLC.*, 341 S.W.3d 432, (Tex. Civ. App. –Houston [1st Dist], 2010) (parties are not precluded from recovering their defense expenses); *Garcia v Sky Climber*, Inc., 470 S.W.2d 261 (Tex. Civ. App-Houston [1st Dist.] 1971, writ ref'd n.r.e.); *Patch v. Amoco Oil Co.*, 845 F.2d 571, 573 (5th Cir.1988) (indemnitee would not be held "harmless" where it was not found negligent by jury unless entitled to recover costs of litigation).

-9-

492

32. Under hold harmless agreements, attorneys fees are awarded as damages nad not under §38.001. See *Crimson Exploration*, 341 S.W.3d at 446.

### 2. Hoang Properly Submitted her damage question and the Court's refusal to submit it to the jury was error

33. Plaintiffs further argue that attorney's fees to Hoang are improper because there was no separate findings of actual damages other than the attorneys fees' awarded to Hoang. However, Hoang did submit a jury question on damages and the Court refused the submission, stating since the only damages that Hoang incurred were the costs of defense, i.e. her attorneys fees, therefore a separate damage question was not necessary. If such refusal, as shown below, is not a deemed finding, it would be reversible error. By requesting the question and the Court refusing it on the record, Hoang as preserved the error. See *Dallas Mkt Ctr. Dev. Co. v Liedeker*, 958 S.W. 2d 382, 386-387 (Tex. 1987) *overruled on other grounds Torrington Co. v Stutzman*, 46 S.W.3d 829 (Tex. 2000) (Error can be preserved by court stating on the record that the jury question is refused).

34. When a trial court omits a jury question, the party who relies on that question must tender that question in writing in substantially correct form and obtain a ruling in order to preserve error. *Chubb Lloyds Ins. Co. of Texas v. Andrew's Restoration, Inc.*, 323 S.W.3d 564, 584 (Tex.App.–Dallas,2010) *aff'd in part, rev'd in part Cruz v Andrews Restoration, Inc.* 364 S.@.3d 817 (Tex. 2012). See Tex.R. Civ. P. 276 *See also Johnson v. Johnson*, 869 S.W.2d 490, 492 (Tex.App.-Eastland 1993, writ denied).

35. An oral ruling by a court on a written request will suffice "when the court's refusal is otherwise clear from the record." *Liedeker*, 958 S.W.2d at 387. In *Liedeker*, the record reflected that the appellant submitted written requests to the trial judge, the judge said he would sign them later, and through inadvertence the judge never signed them. The Supreme court held that the trial

-10-

court's "statements on the record clearly preserved [appellant]'s complaint." *Liedeker*, 58 S.W.2d at 387.

36. Similarly, in the present case, Hoang court specifically asked for her actual damage question. The Court refused the submission stating that since the only damages that Hoang were seeking were her attorneys fees, such question was not necessary. The Court did not submit the question, and inadvertently forgot to sign the question presented to it by Hoang's counsel. Therefore, Hoang's question on damages was preserved.

### 3.. Hoang's Attorneys Fees as Damages is a Deemed Finding

37. Since Hoang did submit a separate question as to damages to this Court, and the Court refused the submission of such question, and Plaintiff never objected to the submission of the attorneys' fees and the breach of contract/release questions, the issue that attorneys fees are damages is a "deemed finding. This Court can enter a finding as such.

38. Tex. R. Civ. P. 279 provides that when a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at any time before the judgment is rendered, can make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. Tex. R. Civ. P. 279.

39. It is undisputed that the jury awarded Hoang her reasonable and necessary fees in the sum of $230,000.00. The Court can make a written finding that such attorneys fees constituted the damages. Even if no such written findings are made, such omitted element or elements shall be

-11-

deemed found by the court in such manner as to support the judgment. *See Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 564-66 (Tex. 2002).

40.  In *Low*, the Court held that "when an incomplete theory is submitted without complaint, the parties are deemed to have waived a jury trial on the omitted issue and to have agreed to submit the issue to the trial court. *Low*, 79 S.W.3d at 564. *See, e.g., Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 925 (Tex.App.-Corpus Christi 1991, writ dism'd w.o.j.); *Wilson v. Remmel Cattle Co.*, 542 S.W.2d 938, 942 (Tex.App.-Amarillo 1976, writ ref'd n.r.e.); see also *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949)(holding that petitioner who did not object to improperly conditioned submission waived right to a jury answer on the unanswered issue, and the issue must be deemed as having been answered by the court in such manner as to support the judgment).

41.  More importantly, Plaintiffs, against who the issue would be deemed, had an opportunity to object to the submission of the two jury questions without the damage question. Plaintiffs did not object. They cannot now complain that the damage issue was missing since they did not object prior to the submission of such issues. *See DiGuesppe v Lawler*, 269 S.W.3d 588, 599 (Tex. 2008).

42.  If one or more elements is omitted from the charge, then the omitted element must be deemed found by the trial court in a manner that supports its judgment. *Chon Tri v J.T.T.*, 162 S.W.2d 552, 558 (Tex. 2005). *See also, J.F.C.*, 96 S.W.3d 256, 262,63 (Tex. 2002).

43.  Since Hoang submitted the proper jury question and the jury found the reasonable and necessary fees, the issue of attorneys fees as damages is a deemed finding and the Court should enter the judgment.

## B.    The Express Negligence Doctrine Is Not Applicable

44.    If an indemnity agreement or hold harmless agreement seeks to limit a party's liability for its own negligence, then the party attempting to limit is liability must give fair notice and the clause should be conspicuousness. *See Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 507–09 (Tex.1993). Under the express negligence doctrine, a party who wishes to contractually shift risk from itself for the consequences of its future negligence must specifically express that intent within the four corners of an agreement. *See Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 707–08 (Tex.1987); *Dresser Indus., Inc.*, 853 S.W.2d at 508.

45.    Fair notice requirements to indemnity agreements and releases only apply when such exculpatory agreements are utilized to relieve a party of liability for its own negligence in advance. *Dresser*, 853 S.W.2d at 508. In the present case, Hoang was not attempting to shift liability for her own negligence. She is not seeking indemnity for the consequences of her own negligence. No claims of negligence were brought against Hoang by Plaintiffs or any third parties. No third parties are seeking any claims against the Plaintiffs that are attributable to the conduct of Hoang, nor is Hoang seeking to be indemnified for any such claims by any third parties. Further, Hoang is a third party beneficiary to the Acceptance Agreement. There was no attempt to shift liability and there is no indemnification for "the consequences" of a party's own negligence.

46.    Hoang is seeking recovery due to the conduct of the Plaintiffs. Hoang is not utilizing the hold harmless language to relieve herself from liability for her own negligence, instead she is utilizing the agreement/release to impose liability upon the Plaintiffs for their own conduct and breach in bringing their claims against Hoang.

-13-

### C. Plaintiffs' Waived Any Arguments that the Hold Harmless Clause Was Not Conspicuous or Did Not Provide Fair Notice.

47.     When a release is interposed and established as a bar against the plaintiff's action, the plaintiff must plead and obtain findings on any fact issues that will avoid or invalidate the release. *Dresser Industries, Inc.* 821 S.W.2d 359, 364-365; *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294, 296 (1960); *Ellis v. Woods,* 453 S.W.2d 509, 510 (Tex.Civ.App.—El Paso 1970, no writ).

48.     In *Dresser,* the Defendant pled and established the release as an affirmative defense and obtained a finding that the plaintiff's representative had the authority to bind plaintiff to the agreement. Consequently, plaintiff had the burden of obtaining any finding that would avoid the effect of the release. Since plaintiff did not obtain a finding that the provision was not conspicuous enough to give fair notice, the plaintiff waived any defenses that it may have had to the release's enforcement. *Dresser Industries, Inc,* 281 S.W.2d at 364-365.

49.     In the present case Hoang obtained a finding that the Plaintiffs failed breached the release. Plaintiffs did not obtain any finding that the release was not conspicuous to give fair notice.

50.     Further, Plaintiffs did not raise objections with the Court to challenge the conspicuousness of the release language or with respect to any other provision of the agreement. Having made no argument regarding conspicuousness at trial, Plaintiffs arguments as to conspicuous are waived. *See Vera v. North Star Dodge Sales, Inc.,* 989 S.W.2d 13, 15-17 (Tex.App.–San Antonio,1998). *See also* Tex. R. App. P. 33.1(a).

### CONCLUSION

51.     Hoang is entitled to recover her attorneys fees under the Tex. Civ. Prac. & Rem. Code §37.009 because the jury found the fees to be reasonable and necessary and such fees would be equitable and just. Hoang was merely a victim of Plaintiffs' own litigation and conduct and the jury found no wrong-doing by Hoang that would have released Plaintiffs from the hold harmless

-14-

agreement. The only protection that Hoang would be afforded under the hold harmless agreement would be the award of her attorneys fees.

52. Alternatively, Hoang is entitled tot he cost of her defense, i.e. her attorneys' fees as the indemnitee under the hold harmless agreement. This court does not need to even address recovery of the fees under §38.001 *et. seq.*

WHEREFORE PREMISES CONSIDERED, Defendant and Counter-plaintiff Chi Truc Hoang requests that this Court enter the proposed judgment submitted by Hoang, deny Plaintiffs JNOV and for such other and further relief to which she may be entitled.

Respectfully submitted,

LAW OFFICE OF MYNDE S. EISEN, P.C.

By: _____
      Mynde S. Eisen
      State Bar No. 06503950
      P.O. Box 630749
      Houston, Texas 77263
      (713) 266-2955
      (713) 266-3008 fax
      Email: wyndeeisen@sbcglobal.net

ATTORNEY FOR DEFENDANT AND COUNTER-PLAINTIFF CHI TRUC HOANG

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties in interest as listed below by depositing the same in the U.S. mail, regular mail, postage prepaid and/or certified mail on this 5th day of January, 2015.

/s/ Mynde S. Eisen
Mynde S. Eisen

Dana LeJune

-15-

498

Attorney at Law
6525 Washington Avenue, Suite 300
Houston, Texas 77007

Craig Welscher
Nicholas Martinez
The Welscher Law Firm
1111 North Loop West, Suite 702
Houston, Texas 77008